## GREEN v. THE STATE.

1. CRIMINAL LAW: *Murder: Manslaughter.*

Green and Trimble had an altercation in a store, after nightfall, and the proprietor ordered them out. Green went first, but stationed himself near the door with a heavy oak stick, about two and a half feet long. Soon Trimble followed, and they fought with their fists and were separated by bystanders. They continued to quarrel, and Green charged Trimble with relying upon his knife. He then gave up the knife to a bystander, but Green retained the stick. After swearing at each other for a while, Trimble threw his coat, which he had pulled off when he gave up the knife, over his arm, and said to Green: "Go away from me and let me alone. I don't want you hereafter to cross my path and I won't cross yours," and was in the act of starting homeward, when Green struck and killed him with the stick: HELD: That the jury were warranted in finding malice, and that Green was guilty of murder in the second degree.

APPEAL from *Clark* Circuit Court.

Hon. ——. ——. ——————, Circuit Judge.

*G. W. Williams,* Special Attorney General, for the State.

There was abundant evidence for the jury to find that deceased had given up a combat he had just had with the appellant and was retiring home, leaving the appellant in no danger, and the appellant renewed the conflict and killed him with an oaken club, two and a half feet long, with a knot on the end of it. Appellant, instead of avoiding the combat, forced it.

*Stanton v. State, 13 Ark., 318,* is almost identical with this case, and there the appellant was held guilty of murder in the second degree. All the elements of the offense were in evidence. *Bivens v. State, 11 Ark., 455, 460–2–3; Sweeny v. State, 35 Ark., 585; Howard v. State, 34 Ib., 433; Fitzpatrick v. State,*

*37 Ib., 252; Dolan v. State, 40 Ib., 459; McAdams v. State, 25 Ark., 405.*

The instructions were that if the jury found the state of facts detailed above, that they should find the verdict they did.

The appellant has no real ground for complaint because the second instruction on his part, in regard to involuntary manslaughter, was not given; he was not prejudiced by the refusal. The jury did not find that the offense was as low as that of voluntary manslaughter, which is a grade higher than involuntary manslaughter. Such an instruction was refused in *Stanton v. State, 13 Ark., 323.* It also failed to tell the jury of any inference to be drawn from the killing with a deadly weapon.

The fifth ground was not saved by a motion or exception in apt time. The sixth ground was not well taken, because the jury was instructed that if they found the killing was not in self-defense, nor by accident, nor in a sudden heat of passion, and without reasonable provocation, they should find the appellant guilty. Any other kind of killing would be " with malice aforethought, express or implied," and it would not be necessary to so state in express terms, and especially is this true when the other instructions had fully covered the same point.

The instructions were very fair to the appellant (being copies of our statutes and instructions previously passed upon by this court.) The finding of the jury is conclusive and is in accord with the facts, law and instructions, and should not be disturbed.

SMITH, J. The appellant was convicted of murder in the second degree; and an appeal was allowed by one of the judges of this court, upon a doubt whether, under the facts proved, the offense amounted to more than manslaughter. An

altercation had arisen between the parties, in a country store, after nightfall, growing out of a disputed account; and the proprietor had ordered the disputants to leave the store. The appellant was the first to go out; but stationed himself near the door, with a stick in his hand. Trimble, the deceased, who was partially drunk, attempted to arm himself with an iron weight, but was prevented by the storekeeper. When both men were on the outside, an encounter with the fists ensued, and Trimble was getting the better of his adversary when the bystanders separated them. They continued to quarrel, however, and the appellant accused Trimble of relying upon his knife. The knife was then given up into the hands of one of the witnesses. The appellant seems to have clung to his stick —a stout oaken club, two and a half feet long, with a knot on the end of it. After swearing at each other for a while, Trimble threw his coat, of which he had divested himself when he gave up his knife, over his arm, said to the appellant: "Go away from me and let me alone. I don't want you hereafter to cross my path and I won't cross yours;" and was in the act of retiring homeward, when the appellant renewed the combat and killed Trimble with two blows administered with the stick.

From the circumstances detailed and, particularly, from the unlawful use of a deadly weapon, the jury were justified in finding malice—that combination of wrongful deed and mental culpability which distinguishes murder from manslaughter. No doubt the appellant was laboring under an excess of passion; but the provocation or cause of his excitement was not such as the law deems adequate or reasonable. And it is certain that he could have declined the further combat without danger to himself. *2 Bishop Cr. Law, Secs. 675, 680, 697, 700; Mansf. Dig., Secs. 1519, 1533.*

The facts in evidence were similar to those in *Stanton v. State, 13 Ark., 317,* where a verdict of murder in the second degree was upheld, Chief Justice Watkins delivering the

opinion of the court. The jury were fairly charged and there is no question worthy of notice except as to the grade of the offense.

Affirmed.