## CENTRAL COAL & COKE COMPANY *v.* NIEMEYER LUMBER COMPANY.

### Opinion delivered March 12, 1898.

1. EVIDENCE—COMPETENCY.—Where plaintiff seeks to hold defendant liable on the contract of a third person, upon the ground that defendant has held such third person out to be his agent in making such contracts, it is competent for defendant to prove that, after such alleged holding out and before the contract in question was entered into, defendant had mailed to plaintiff, postage prepaid, printed circulars showing that such third person was an independent contractor, and not the agent of defendant. (Page 109.)

2. SAME—GENERAL OBJECTION—EFFECT.—A general exception to the entire testimony of a witness is insufficient where a portion of the testimony is competent. (Page 110.)

Appeal from Miller Circuit Court.

RUFUS D. HEARN, Judge.

*Hudgins & Estes* and *Scott & Jones*, for appellants.

The agency of Landes was not proved. Nor was the statement made by the manager of appellant company sufficient to estop it to deny such agency. Estoppels *in pais* are not favored. 15 Ark. 316. They will always be limited strictly to the representation made. 49 Ark. 336. Hence, appellee would not have been warranted in presuming that Landes had authority to purchase on credit, from the mere fact of his agency, if it had existed at all. He who deals with a special agent must look to the extent and nature of his authority. 23 Ark. 411. The court erred in refusing to allow appellant to prove facts charging appellee with notice of the true extent of Landes' authority. Proof of such notice would destroy any estoppel in favor of appellee. Bigelow, Estoppel (3 Ed.), 319.

*L. H. Byrne*, for appellee.

Whether or not the manager of appellant company made the alleged statement as to Landes' agency was a question for the jury, and their verdict is conclusive thereupon. These

statements are sufficient to operate as an estoppel, whether they be true or false. 2 Bigelow, Estoppel, §§ 1077, 1078 and 1079, and cases cited; 33 Ark. 465; 34 N. Y. 30; 75 Cal. 159. The agency alleged by appellee is one implied from the statements of the manager of appellant company, and any testimony tending to show that appellee was informed, by a circular letter from appellant, of the real value and extent of Landes' authority would have no bearing on the question.

BUNN, C. J. This is a suit by the plaintiff, the Niemeyer Lumber Company, against the defendant, the Central Coal & Coke Company, for the sum of six hundred and ninety dollars, the price of a lot of cross-ties. The defendant answered, denying that the plaintiff had ever sold and delivered to it any cross-ties as alleged, and also that it owed plaintiff said sum, or any other sum. Trial and judgment for plaintiff for said sum and interest at 6 per cent. per annum from the 20th March, 1894, and defendant appealed.

The only material question in this case is one of fact, whether or not the ties were sold to defendant or to its agent, and the refusal of the trial court to admit certain testimony offered by defendant bearing upon that question.

The testimony of A. J. Niemeyer, on the part of the plaintiff, was to the effect that witness was the president of the plaintiff company during the years 1893, 1894 and 1895, and, while acting as such in the management of its business, he casually met the manager of the defendant company, one W. L. Whitaker, on the streets of the city of St. Louis, and proposed to sell his company a lot of cross-ties which the plaintiff had for sale along the Shreveport branch of the Cotton Belt Railroad in Arkansas and Louisiana; that Whitaker informed him that one H. L. Landes, of New Lewisville, Arkansas, was the agent of or represented his company in that locality, and referred him (Niemeyer) to him (the said Landes); that but few words were spoken between them, and that he did not pretend to remember the language used by Whitaker on the occasion, but from what he said he was impressed with the idea that he represented Landes as the agent of his company for the purchase of cross-ties in that locality.

Whitaker's testimony was to the same effect, as to the meeting and the nature thereof; but, as to what was said by him, he denies that he represented Landes to be the agent of his company, but that, on the contrary, he told Niemeyer that he could not purchase his cross-ties, because he, on the part of his company, had entered into a written contract theretofore with Landes, obligating it not to purchase any cross-ties in that locality except from Landes. The written contract was exhibited with the testimony of one Weatherby, a witness for the defendant, and identified by him. This contract shows, not that Landes was the agent of or represented the defendant company, but that he (Landes) had thereby agreed with the defendant company "that he would, within one year from the 1st of November, 1893, the date thereof, furnish and deliver to it 150,000 oak cross-ties on said branch road, free of all liens and incumbrances, the delivery to be made at the rate of 12,500 per month, and subject to inspection, and to furnish receipts in full from the timber owners, haulers and tie-makers with whom Landes should contract, and said receipts to be furnished on or before the 20th of each month, and to show payment in full for all labor performed or material for all ties delivered during the preceding month." Then follows the prices to be paid for the ties, and when to be paid.

The cross-ties purchased of Landes, to be delivered to the defendant company, for the month of February, 1894, which included the ties for which this suit was brought, were purchased by Landes, and proper receipts obtained therefor by him from the owners, as he reported to Whitaker by letter dated March 13, 1894, but Whitaker declined to honor his draft at the time for the price thereof, because Landes had not sent him or his company the receipts as provided in the contract, and, without the draft being paid, Landes was not able or did not pay for the cross-ties he had purchased from the owners thereof. Thereupon Landes went to St. Louis, and delivered the receipts of Niemeyer Lumber Company, dated "Waldo, Ark., February 28, 1894," and of others. This was March 27, 1894, and Whitaker appears then to have paid Landes for the February estimate. Landes, from some cause, failed to pay Niemeyer Lumber Company, notwithstanding its releases, etc., and

this suit was brought to charge the defendant company with the amount.

Niemeyer and Whitaker were the only witnesses to their conversation on the streets of St. Louis concerning this matter, and they differ widely as to their versions of it. The defendant offered to prove by a competent witness—the said Weatherby, who was its timber agent in the locality named—that on several occasions during the months of November and December, 1893, and of January and February, 1894, he had mailed, postage prepaid, printed circulars to the plaintiff company at Waldo, Arkansas, which showed the nature of the contract between defendant and Landes, and the relation existing between them. Landes says that, to the best of his recollection, he purchased the ties from plaintiff about January, 1894. The object of the testimony offered was to show that plaintiff had notice of the nature of the contract between defendant and Landes before it sold the ties to the latter. This, we think, was germane to the issue involved, and should have been admitted, as throwing light upon the question concerning which the testimony was quite indefinite and uncertain, to say the most of it. If the plaintiff had notice, before it sold to Landes, that he was purchasing really on his own account, or had such information as to put it on inquiry as to that fact, the giving of such notice to it was certainly material, under the circumstances of this case, since the evidence of Landes' alleged agency was somewhat uncertain, according to Niemeyer's own testimony.

There were no exceptions to the instructions, which are properly before us, and the objection to the manner by which the jury finally made up their verdict under the direction of the court need not be here discussed.

For the refusal of the court to admit the testimony offered, the judgment is reversed, and the cause remanded, with direction to proceed not inconsistently herewith.

ON MOTION FOR REHEARING.

Opinion filed May 21, 1898.

BUNN, C. J. The language of the bill of exceptions, touching the non-admission of the evidence offered, is as follows, to-wit:

"Defendant here offers to prove by witness Weatherby that in November and December, 1893, and in January and February, 1894, he, as the agent of Landes, had printed and distributed along the line of the St. Louis Southwestern Railway Co. from New Lewisville, Ark., and beyond, and along the line of the Shreveport branch, south of New Lewisville, to Shreveport, and had, during these months, at several times mailed to the A. J. Niemeyer Lumber Co., postage prepaid, directed to said company at Waldo, Ark., printed circulars, stating in brief the substance of the contract between H. L. Landes and the Central Coal & Coke Co., introduced in evidence, which circulars specifically set out the condition of said contract, that the Central Coal & Coke Co. agreed to receive no ties nor make any contract to purchase any other in the territory from New Lewisville, Ark., to Shreveport, La., along the line of the St. Louis Southwestern Railway Co. from the 1st of November, 1893, to the 31st October, 1894." And "plaintiff objected to the introduction of this testimony, which objection was sustained, and the plaintiff [meaning the defendant] then and there excepted to the ruling and judgment of the court, sustaining plaintiff's objection to the introduction of said testimony and in excluding said testimony."

The language of the objection is general, without spcifying the ground of objection; as is also the language of the court in sustaining the same. All that portion of the *proffered testimony of Weatherby*, except the contents of the printed circulars, was admissible at all events, even under the strictest rule the plaintiff could appeal to, since, of itself, the whole of the proffered testimony was relevant and competent, if properly adduced. A wholesale rejection of it was therefore improper, in any view we may take of the question.

And, so, in our opinion heretofore rendered in the case, we said: "The object of the testimony offered was to show that the plaintiff had notice of the nature of the contract between defendant and Landes before it sold the ties to the latter. This, we think, was germane to the issue involved, and should have been admitted, as throwing light upon the question concerning which the testimony was quite indefinite and uncertain, to say the most of it. If the plaintiff had notice, before it

sold to Landes, that he was purchasing really on his own account, or had such information as to put it on inquiry as to that fact, the giving of such notice to it was certainly material, under the circumstances of this case, since the evidence of Landes' alleged agency was somewhat uncertain, according to Niemeyer's own testimony."

A correction of this decision is asked on the following ground set up in the motion for rehearing, to-wit: "That the court has misconceived the records and rulings of the Miller circuit court, in this, this court seems to have decided and reversed this cause solely upon the exclusion of the evidence of witness, T. B. Weatherby, on the point of his evidence as to certain printed circulars which had been mailed by one H. L. Landes, holding that the proof was material. The Miller circuit court excluded this evidence solely upon the ground that the defendant offered parol testimony as to the contents of the printed circular, and this proof was not competent, as the printed circular itself was best evidence, and upon this ground the testimony was objected to, and the same was excluded by the court."

The bill of exceptions failed to disclose to us that the sole and only ground of objection, and of the ruling sustaining the same, was that parol evidence was not competent to prove the contents of the circular; nor, indeed, does the bill of exceptions fairly declare what were the grounds of objection. As stated above, there were other items of the proffered testimony, not subject to the general rule governing the admission of writings in evidence. The objection to the evidence—to that which was competent and to that which was incompetent—was general, and reached only its relevancy and competency, and not the sufficiency of the foundation laid for its introduction; while the court might have properly sustained the objection to so much of the evidence as was offered to show the contents of the notice or circular, because parol testimony was not competent for that purpose until a sufficient foundation was laid, yet it appears (from the exclusion of all the testimony offered—the competent and the incompetent—upon the general objection) that it did not do so, but excluded it upon the ground that the whole of it was irrelevant and incompetent for any purpose, and not be-

cause of an insufficient foundation. Upon that view we held, in the opinion heretofore delivered, and now hold, that the court erred in excluding the testimony.

The motion is therefore overruled