MALLORY *v*. BRADEMYER.

Opinion delivered October 14, 1905.

1. EJECTMENT—TITLE.—The burden of proving title in himself is assumed by the plaintiff in an ejectment suit. (Page 540.)

2. EXPERT WITNESS—QUALIFICATION.—A witness who testifies to long familiarity with a certain river, and to possessing knowledge from

observation and experience of caving banks and the making of islands and bars, qualifies himself as an expert to testify his opinion as to how the land in question was formed, if such be a matter of expert knowledge. (Page 541.)

3. OPINION EVIDENCE—NON-EXPERT.—There is nothing about the formation of an accretion to land which calls for the exercise of peculiar skill or the possession of professional knowledge, or which requires any peculiar habit of study, in order to understand it or testify about it intelligently. (Page 541.)

4. EVIDENCE—GENERAL OBJECTION.—A general objection to the testimony of a witness, part of which is clearly competent, is insufficient to raise the objection that some of it is incompetent as opinion evidence. (Page 541.)

5. JURY—PROVINCE.—It is the peculiar province of the jury to pass upon the credibility of the witnesses and the weight to be given to their testimony. (Page 541.)

Appeal from Crittenden Circuit Court.

FELIX G. TAYLOR, Judge.

Affirmed.

STATEMENT BY THE COURT.

This was an action of ejectment, begun by the appellant in the circuit court of Crittenden County, to recover from the appellee seventy-seven acres of land alleged to be accretion to the E. ½ of the S. W. ¼ of section 3, township 8 N., range 9 E. The appellee answered, and denied that the land in controversy was an accretion, and also pleaded the statute of limitation of seven years as a defense. It was admitted that the appellant, the plaintiff below, was the owner of the E. ½ of section 3.

The cause was submitted to the jury, who rendered a general verdict in favor of the defendant below, appellee here. It does not appear that any special findings of fact were asked for.

The evidence, in substance, in favor of the appellee on the question of accretion is as follows:

Witness William Brademyer testified that he was a fisherman, and had been on the Mississippi River for about thirty-eight years; that he was familiar with the caving of banks and the formation of islands and bars, and that in his opinion, from an examination of the bar upon which the land in controversy is situated, it was first formed in the river, and built in towards the main land; that he has known the bar in question since 1885, and that in 1885 the water stood the year round on the west side of

where his brother's house now stands, and between the main shore and his house; that in 1885 there was not a bush on this bar; that the highest land on the bar proper is now on the west side next the river, and that there is a swag between the bar and the old main shore of the river; that farther down the bar there is still a lake between the bar and the main shore. He said the land "was made out in the river." He was not there, but knew from the character of the ground.

The witness Dunnavant, who was a witness for the plaintiff, testified that there is a slough of water or lake at the lower end of the bar and between it and the main shore, and that the land in controversy is about as high as the old main shore, but is lower next to the main shore.

The witness Bateman, who was a witness for the plaintiff, testified that there was a kind of low road between the bar and the main shore that he had made there; that the old bank line is well defined; that you can tell where it is by the size of the timber, and that there is a low place between the bar where Mr. Brademyer lives and the main shore, but that towards the head of the bar it is about as high as anywhere else; that he thought the bar belonged to Brademyer as much as anybody.

*Frank Smith* and *Hawthorne & Hawthorne,* for appellant.

The land was an accretion, and belonged to appellant, unless he was barred by limitation. 61 Ark. 429. The burden was on appellee to show the extent and period of his possession; this he failed to do. 48 Ark. 277.

*L. P. Berry* and *A. B. Shafer,* for appellee.

There was evidence to sustain the verdict, and this court will not disturb it. 46 Ark. 141-149; 51 Ark. 467-476; 56 Ark. 314-320. The evidence fails totally to show that the land was an accretion; but, if it was, appellant is barred by the statute of limitation.

Wood, J., (after stating the facts.) The burden was upon appellant to show that he was the owner of the land in controversy by accretion. *Nix* v. *Pfeifer,* 73 Ark. 201; *Wallace* v. *Driver,* 61 Ark. 429.

The question as to whether or not the land in suit was an accretion to appellant's land was submitted to the jury upon a

correct instruction asked by appellant; and as the verdict was general, and no special findings of fact were made by the jury or asked by appellant, we must take it that the verdict was against him on the question of accretion.

The only question therefore for us is, was the evidence legally sufficient to support the verdict? It was. True, the witness Brademyer was permitted to give his conclusion or opinion as to how the land in question was formed. But this was without objection from appellant, and he cannot complain here of that. The witness testified to his long familiarity with the river, and to his knowledge from observation and experience of caving banks and the making of islands and bars. He thus qualified himself, in a sense, as an expert in such matters, if expert testimony were demanded. But we see nothing about the formation of an accretion calling for the exercise of "peculiar skill, the possession of professional knowledge, or requiring any peculiar habit of study in order to understand it or testify about it intelligently. As was said by us in *Railway Company* v. *Thomason*, 59 Ark. 140: "Such questions are open to all men of ordinary information."

The witness detailed facts which he observed, and upon which he based his conclusion; and if the appellant objected to his stating his conclusions, he should have made known his objection specifically on this point to the trial court, to get the benefit of a ruling on it here. Certainly, much of the testimony of this witness was competent.

Doubtless, the jury concluded that it was possible for even a *fisherman* to tell the truth; and, however much we might differ with the jury in this particular case, yet it was their peculiar province, not ours, to pass upon the credibility of the witnesses and the weight to be given their testimony. *Hot Springs Rd. Co.* v. *McMillan, ante* p. 88; 2 Crawford's Digest, pp. 905-6.

This settles the controversy in favor of appellee, and we need not pass upon the question of limitations.

Affirmed.