ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.*

TAYLOR.

Opinion delivered September 21, 1908.

1. EVIDENCE—COMPETENCY—GENERAL OBJECTION.—A motion to exclude all of the testimony of a witness was properly overruled if a part of it was competent. (Page 334.)

2. APPEAL—HARMLESS ERROR.—It was not prejudicial error to refuse to permit a copy of a telegram to be read to the jury if the sender of the telegram testified fully as to its contents. (Page 335.)

3. CARRIERS—BILL OF LADING—NOTICE OF DAMAGES.—Damages to livestock by reason of a carrier's failure to furnish cars for shipment which accrued before the bill of lading for their shipment was signed were not covered by stipulations therein to the effect that the shipper would give notice of all damages covered by the contract before removing the stock. (Page 335.)

4. SAME—AUTHORITY OF STATION AGENT.—A station agent has implied authority to agree to furnish cars for the shipment of live stock on a certain day. (Page 335.)

Appeal from Marion Circuit Court; *Brice, B. Hudgins,* Judge; affirmed.

STATEMENT BY THE COURT.

This is a suit by appellees to recover damages of appellant for an alleged negligent failure on the part of appellant to furnish appellees cars for the shipment of certain cattle and sheep which appellees tendered to appellant for shipment at the latter's station called Zinc. Appellant denied in its answer all the material allegations of the complaint, and set up that appellant entered into a contract which provided that, in the event of any damage to the shipment covered by said contract, appellees would give notice within one day after the arrival of the stock at destination of their intention to present a claim for damages, and alleged that appellees did not give such notice.

The testimony of one Hicks on behalf of appellees is substantially as follows: That appellees lived near Everton, Arkansas, on another railway line, about sixteen miles from the town

of Zinc, and, failing to get cars at home on Monday, the 5th day of November, 1906, together with Mr. Magness and witness, wrote a letter to Mr. Snoddy at Zinc explaining the situation and asking for cars in which to ship their stock; and on Thursday Mr. Snoddy called witness over the telephone and told him that he had eleven cars, and wanted to know how many the crowd would take. He told the agent he would see the boys, and let him know in an hour. That when he called up Mr. Snoddy later on the 'phone, they could not understand each other, and that he got the operator at Yellville to repeat the 'phone message for him (Yellville being between the two places), telling Mr. Snoddy that Mr. Hicks, Mr. Magness and Mr. Taylor wanted nine cars, and of that number appellee Taylor wanted two and would load that morning, and that the agent at Zinc replied that he had the cars for them.

Appellant asked the court to exclude the testimony of witness Hicks from the consideration of the jury because such testimony was not responsive to the issue in the case. The motion was overruled, and defendant excepted.

The testimony of Hicks as to the contract of appellant to furnish cars to appellees on Saturday, November 10, 1906, was fully corroborated by another witness for appellees.

On behalf of appellant, witness Campbell testified among other things that he was the agent at Yellville and sent a telegraph message for one Hicks to the station agent at Zinc for cars for Hicks Bros., Magness, and Ramsey; that the appellees were not mentioned in the message. Appellant offered to introduce in evidence the telegram sent by Hicks, above referred to, and a memorandum made by the agent covering his conversation with Hicks, but the court sustained plaintiff's objection to the introduction of such testimony, to which action of the court the defendant at the time saved its exceptions.

Appellant introduced the contract under which appellees afterwards shipped their cattle and sheep, containing the following provision: "That, as a condition precedent to the recovery for any damage for any loss or injury to live stock covered by this contract for any cause, including delays, the second party will give notice in writing of the claim therefor to some general officer, or to the nearest station agent of the first party, or to the

agent at destination, or some general officer of the delivering line, before such stock is removed from point of shipment, or from the place of destination, and before such stock is mingled with other stock, such written notification to be served within one day after the delivery of the stock at the destination, to the end that such claim may be fully and fairly investigated; and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims, and to any suit or action brought thereon."

The court over appellant's objection gave the following instruction:

"1. The court instructs the jury that if you find by a preponderance of the evidence that L. L. Snoddy was in November, 1906, a station agent of the defendant at Zinc, Arkansas, on defendant's line of railway and in sole charge of the same and of the business of the defendant at that point, engaged in receiving and shipping freight for said defendant, and that he entered into a contract as such agent, with the plaintiff, or another for him, to furnish cars for the shipment of cattle and sheep at a specified time, the 10th of November, 1906, as set out in plaintiff's complaint, and that plaintiff in performance of said contract and acting under the same, drove his cattle and sheep from home to Zinc, Arkansas, and there tendered them to said agent for shipment in accordance with said contract, and the defendant failed and refused on its part to comply with said contract by not furnishing said cars at the time agreed upon, you will find for the plaintiff such damages as you may find that he is entitled to."

Appellant asked and the court refused among others the following request for instruction:

"2. If you find from the evidence that the plaintiffs did not give notice in writing, within one day after the arrival of his stock at its destination, to some general officer of the defendant company, or of the delivering line or to the nearest station agent of the defendant company to the place of shipment or of destination of his claim for damages, you will find for the defendant." Appellant duly saved its exception.

The jury returned a verdict for $220.50 in favor of appellees. If appellant was liable, it is not contended here that the damage did not accrue or that it was excessive.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

1. It was error to admit hearsay testimony tending to prove the alleged contract.

2. The telegram showing what was transmitted to the agent at Zinc should have been admitted. By its exclusion, and permitting plaintiffs to give a full version of it, the appellant was deprived of an important link in the testimony, and the one calculated to throw the most light upon it.

3. Appellant was entitled to instructions covering its defenses under the contract actually signed by the parties. The bill of lading advised appellee that he had no right to expect cars on a given date. No testimony was taken, no issue submitted to the jury, as to the reasonableness of the time of furnishing cars. 86 Ark. 179.

4. The notice provided for in the contract was essential, and compliance with should have been enforced. 82 Ark. 354.

*Frank Pace,* for appellees.

1. If the agent of appellant at Zinc entered into contract to furnish cars to appellee at a specified time, and failed to comply with that contract, to appellee's damage, appellant is liable. 2 Hutchinson on Carriers, 3 Ed., § 630. This question was submitted to the jury upon the testimony and a correct instruction of the court, and their verdict will not be disturbed.

2. The refusal to allow a copy of the telegram to be introduced was proper. Its contents had been fully testified to, and to introduce a copy would add nothing to this testimony.

3. The contract of shipment, entered into after the damage accrued, would not affect the shipper's right to recover. 68 Ark. 218; 79 Ark. 470; 83 Ark. 502.

WOOD, J., (after stating the facts). The court did not err in refusing to exclude the testimony of the witness Hicks. He was acting for himself and also for appellees in making the contract with appellant's agent for furnishing cars. Certainly, part of his testimony was germane to the issue, and was proper. If it be conceded that certain portions of it were hearsay and improper, the appellant did not specifically object to any particular parts of his evidence. Its motion to exclude was general, and, as the testimony was competent, and some portions at least were

relevant to the issue, appellant's objection can not avail. *Central Coal & Coke Co.* v. *Niemeyer Lumber Co.*, 65 Ark. 106; *Mallory* v. *Brademeyer*, 76 Ark. 538.

There was no error in refusing to allow the copy or memorandum of the telegram to be read in evidence. The witness who sent the telegram testified fully as to its contents, and the conversation had and his testimony on that point is not controverted.

The rulings of the court in giving and refusing instructions were correct. The suit was for a failure to furnish cars, and not on a contract of shipment. That was entered into after the damage sued for had accrued to the appellees by appellant's failure to furnish the cars, and can not affect appellees' right to recover for such failure. *St. Louis, I. M. & S. Ry. Co.* v. *Law*, 68 Ark. 218; *St. Louis S. W. Ry. Co.* v. *McNeil*, 79 Ark. 470; *St. Louis & S. F. Rd. Co.* v. *Pearce*, 82 Ark. 353; *St. Louis & San Francisco Ry. Co.* v. *Burgin*, 83 Ark. 502.

The court did not err in confining the issue to damages growing out of appellant's failure to furnish transportation in accordance with the agreement made by appellees with appellant's station agent at Zinc. He had authority to receive and ship freight, and therefore the implied authority to agree to furnish the cars for such purpose on a certain day. 2 Hutchinson on Carriers, § 630, and cases cited. There was abundant evidence to support the allegations of the complaint. The court declared the law, and its judgment is correct.

Affirm.