## NICHOLS *v.* STATE.

Opinion delivered November 22, 1909.

1. SEDUCTION—CORROBORATION.—On a charge of seduction the corroboration of the prosecutrix is required both as to the promise of marriage and the fact of sexual intercourse. (Page 423.)

2. SAME—CIRCUMSTANTIAL EVIDENCE AS CORROBORATION.—The testimony of the prosecutrix in a seduction case as to the promise of marriage may be corroborated by circumstances showing the relation and conduct of the parties toward each other. (Page 423).

3. SAME—SUFFICIENCY OF CORROBORATION.—The testimony of the prosecutrix in a seduction case as to the defendant having promised to marry her was sufficiently corroborated by proof that defendant paid court to the young lady for a number of months, during which time she kept the society of no other young man; that when her father charged him with the offense he promised to right it in a few weeks, presumably by marrying her; that, although he was a witness in attendance at court on behalf of his brother, he failed to remain after this charge was made, but fled the country; and that, when told by a witness that he ought to marry her if he had promised to do so he hung his head, without denying the promise. (Page 424.)

4. EVIDENCE—COMPETENCY—GENERAL OBJECTION.—A motion to exclude all of the testimony of a witness was properly overruled if any part of it was competent. (Page 424.)

Appeal from Fulton Circuit Court; *J. W. Meeks,* Judge; affirmed.

*J. L. Short* and *C. E. Elmore,* for appellant.

1. There is no corroboration of the prosecuting witness as to the promise of marriage. Her testimony must be corroborated both as to the promise of marriage and the fact of sexual intercourse. 77 Ark. 16; *Id.* 468; 40 Ark. 482; 73 Ark. 265.

2. To permit the State to introduce, by way of rebuttal and to impeach the testimony of Jonathan Nichols, testimony from the records of Fulton Circuit Court to show that he had been indicted for grand larceny, and that appellant was a witness for the defendant in that case, was reversible error. 34 Ark. 261; 43 Ark. 99; 70 Ark. 107; 80 Ark. 587.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

1. There is sufficient evidence to corroborate the prosecutrix on the question of the promise of marriage. This corroboration may be circumstantial as well as direct. 77 Ark. 472.

2. The record does not sustain appellant's contention that the records of the circuit court showing Jonathan Nichols's indictment for grand larceny were introduced to impeach him. It was not admissible for that purpose, but was admissible for the purpose of contradicting appellant's explanation of his reason for going to Texas.

FRAUENTHAL, J. The defendant, Walter Nichols, was convicted of the crime of seduction, and prosecutes this appeal from the judgment of conviction.

The evidence on the part of the State established the following facts: Dulcie Boydston was a young girl, eighteen years old and living with her parents. In December, 1906, the defendant began keeping company with her and to show her marked attention. He continued his attentions and visits to her for a number of months. Dulcie Boydston testified that in February, 1907, he asked her to marry him, and she promised to do so, but no definite date was set for the marriage. He continued to pay his suit to her, and then some time after their engagement he began to seek sexual intercourse with her by promising marriage in two months thereafter. Finally he overpersuaded her, and in March, 1907, succeeded in obtaining sexual intercourse by promising to marry her; and by telling her that all people who intended to get married "did that way." Pregnancy was the result of the intercourse. In August, 1907, the circuit court convened at the county seat of Fulton County; and at that time a brother of defendant was to be placed on trial for grand larceny, and the defendant was a witness in his brother's behalf, and attended that court. The father of Dulcie Boydston met the defendant there, and accosted him, and told him that he had ruined his daughter. The defendant told him that he would make it right in two or three weeks. The father told him that then was the time to make it right. The defendant desired to talk to the young girl privately, and, upon the father's refusal to permit him to do so, the defendant ran across the square, and at once left the town, without attending the trial of his brother or waiting to see its outcome. The testimony

tends to prove that the defendant fled the county and went to Texas. After remaining away for some time, he returned and began seeking testimony in his behalf upon this charge. He saw a young man, Robert Hightower, who had formerly waited on Dulcie Boydston. He asked this young man if he knew anything about the prosecutrix that would benefit him. Hightower told him that he did not; and said to him that, if he were in the defendant's place and had promised to marry her, he would do it. The defendant dropped his head, and thus remained for a short time without making reply, and then said he would not marry her. But in the conversation he did not say at any time that he had not promised to marry the girl. The defendant testified that he had had sexual intercourse with Dulcie Boydston, but denied that he had promised to marry her.

It is provided by section 2043 of Kirby's Digest that no person shall be convicted of the crime of seduction upon the testimony of the female "unless the same be corroborated by other evidence." On a charge of obtaining carnal knowledge of a female by virtue of a false promise of marriage the corroboration of the female is required both as to the promise of marriage and the fact of sexual intercourse. *Polk* v. *State,* 40 Ark. 482; *Keaton* v. *State,* 73 Ark. 265; *Carrens* v. *State,* 77 Ark. 16; *Lasater* v. *State,* 77 Ark. 468.

In this case it is contended that there is not sufficient evidence to sustain the verdict of the jury for the reason that there is no corroboration of the testimony of the female as to the promise of marriage. In considering the character and sufficiency of the testimony necessary to corroborate the female in this particular, Mr. Justice RIDDICK in the case of *Lasater* v. *State,* 77 Ark. 468, quotes with approval the following from Mr. Justice Folger of the Court of Appeals of New York: "It is settled that the supporting evidence is required as to two matters named in the act, and as to them only. They are the promise of marriage and the carnal connection. It is settled by the same authorities that the supporting evidence need be such only as the character of these matters admit of being furnished. The promise of marriage is not an agreement usually made in the presence or with the knowledge of third persons. Hence the supporting evidence possible in most cases is the subsequent

admission or declaration of the party making it, or the circumstances which usually accompany the existence of an engagement of marriage, such as exclusive attention to the female on the part of the male, the seeking and keeping her society in preference to that of others of her own sex, and all those facts of behavior toward her which, before parties to an action were admitted as witnesses in it, were given to the jury as proper matter for their consideration on that issue." And in the case of *Cooper* v. *State*, 86 Ark. 30, it was held that the corroboration can be sufficiently made by circumstances showing the relation and conduct of the parties to each other.

In the case at bar the defendant paid court to the young lady for a number of months, and showed to her marked attention. During all that time she kept the society of no other young man. When the father charged him with the offense, he promised to right it in a few weeks, presumably by carrying out his promise of marriage. And then, although he was in attendance at court as a witness in behalf of his brother, he failed to remain after this charge was made, but fled the country. He was told by a witness that it was proper for him to marry the young lady if he promised to do so. He did not deny that he had so promised, but hung his head as if convicted by the truth of the statement. These were all circumstances which it was proper for the jury to consider. Before them appeared all these witnesses, and they noted their manner and demeanor. They were peculiarly the judges of the weight of this evidence; and we cannot say that there is not sufficient evidence to support their verdict.

It is urged by counsel for the defendant that the court erred in permitting evidence showing that the brother of the defendant and one of his witnesses had been indicted for grand larceny. But this was not admitted for the purpose of impeaching this witness. The same testimony proceeded further and showed that the case on said charge against the brother had been set for trial on a definite day, and that the defendant had been subpoenaed in his brother's case as a witness. That on that day the defendant attended said court wherein said trial was to be had; and it was on that day that he met the father of the prosecutrix and, after being charged with the offense,

fled the town without remaining at the trial of his brother. The evidence in that regard and for that purpose was competent. In this case a general objection was made to the introduction of this evidence. Part of it was clearly competent. A motion to exclude all of the testimony of a witness is properly overruled if a part of it is competent. *Central Coal & Coke Co.* v. *Neimeyer Lumber Co.,* 65 Ark. 106; *Mallory* v. *Brademyer,* 76 Ark. 538; *St. Louis, I. M. & S. Ry. Co.* v. *Taylor,* 87 Ark. 331.

Being competent for one purpose, it was not error to admit it, although a part of the testimony might have been incompetent. The defendant could, if he had so requested, have had the court to specifically instruct the jury for what purpose this evidence was competent, and that it was not competent for the purpose of impeachment.

We have examined the instructions that were given by the court and those that were refused, and we find no prejudicial error in any of the rulings thereon.

The judgment is affirmed.