CLARDY v. STATE.

Opinion delivered October 3, 1910.

1. ASSAULT WITH INTENT TO KILL—CONSTITUENTS OF OFFENSE.—To constitute the crime of assault with intent to kill, the evidence must show that the assault was made with the specific intent to kill and not accidentally, and that it was made with malice and not as a result of a sudden heat of passion caused by provocation apparently sufficient to make the passion irresistible, so that if death had ensued the crime would have been murder, either in the first or second degree. (Page 55.)

2. SAME—WHEN MALICE IMPLIED.—Malice will be implied where there is a homicide with a deadly weapon, and no circumstances of mitigation, justification or excuse appear. (Page 55.)

3. HOMICIDE—EFFECT OF PASSION.—The passion which will reduce a homicide from murder to manslaughter may consist of anger or sudden resentment or of fear or terror; but there must also be a

provocation which induced the passion and which the law deems adequate to make the passion irresistible. (Page 55.)

4. ASSAULT WITH INTENT TO KILL—PROVOCATION.—While an assault is not necessarily a sufficient provocation to reduce a homicide from murder to manslaughter, an assault with violence upon another who acts under the influence thereof may be sufficient. (Page 55.)

5. HOMICIDE—PROVOCATION.—Mere words or conduct, however insulting or offensive, are insufficient to reduce a homicide to manslaughter, though the homicide was committed in a passion provoked by them. (Page 55.)

6. ASSAULT WITH INTENT TO KILL—EVIDENCE.—Evidence tending to prove that defendant was armed with a deadly weapon, that the prosecuting witness sent for an officer to arrest him for that offense, that he followed defendant to keep watch on him, and was unarmed, and that defendant shot at him when he was making no demonstration to do defendant any violence or injury, is sufficient to sustain a conviction of assault with intent to kill. (Page 56.)

7. EVIDENCE—MANNER OF OBJECTION.—The proper manner to make objection to testimony is to object to the testimony at the time the testimony is offered, or to ask for its exclusion at the time it is given, and then except to an adverse ruling. (Page 56.)

8. SAME—SUFFICIENCY OF OBJECTION.—A motion to exclude all of the testimony of a witness was properly overruled if a part of it is competent. (Page 57.)

9. INSTRUCTIONS—NECESSITY OF OBJECTION.—Where no objection was made to the court's instructions in the lower court, none can be made in this court. (Page 57.)

Appeal from Sebastian Circuit Court, Fort Smith District; *J. S. Maples,* Judge on Exchange; affirmed.

*Edwin Hiner,* for appellant.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

1. In order to avail himself here of any objection to testimony introduced at the trial, appellant must not only have objected to the testimony when offered or given, but also have obtained a ruling thereon and saved his exceptions. 72 Ark. 371; 73 Ark. 407.; 65 Ark. 107; 76 Ark. 276; 36 Ark. 635; 52 Ark. 180; 74 Ark. 256.

2. This court will not review instructions given at the trial, unless the appellant at the time objected thereto, saved his exceptions, and incorporated such exceptions in his motion for new trial. 26 Ark. 234; 41 Ark. 545; 91 Ark. 43; 75 Ark. 534; 88 Ark. 505; 43 Ark. 391; 62 Ark. 543.

3. Where the bill of exceptions does not purport to contain all of the testimony introduced at the trial, this court will presume that the verdict is supported by the testimony. 17 Ark. 327; 72 Ark. 185; 37 Ark. 57. And where it does not show affirmatively or inferentially that it contains all of the testimony, the lower court's rulings thereon will be presumed to be correct. 74 Ark. 551.

FRAUENTHAL, J. The defendant, Will Clardy, was convicted of the crime of assault with intent to kill, and upon this appeal urges that the judgment of conviction should be reversed for the following reasons: (1) Because there was not sufficient evidence to sustain the verdict of the jury; (2) because the lower court committed error in permitting the introduction of certain testimony; and (3), because the court erred in giving certain instructions.

Briefly stated, the evidence on the part of the State established the following case. Adolph Wunch, the person whom it is alleged in the indictment the defendant assaulted, in company with some other white boys, had entered a lunching house in the city of Fort Smith, and had invited his companions to eat with him at the lunch counter. Shortly thereafter the defendant came into the house and pushed in between these white boys at the lunch counter, and thereupon some angry words passed between Wunch and the defendant. The defendant pulled out a pistol, and went out on the pavement, and Wunch followed, and stated that defendant had a pistol, and requested that some one should go for an officer. In a few minutes the defendant went into a saloon adjoining the building, and Wunch followed him with the intention, as he claimed, to keep watch of him. The interior of the saloon was divided by a partition, and the defendant passed into the rear room. Wunch thereupon passed around the partition when the defendant shot at him with a pistol. During the entire time Wunch was unarmed; and at the time the defendant shot at him he was some short distance from the defendant, and made no effort or demonstration to assault or injure him.

The defendant testified that when he was in the lunching house Wunch said to him: "Nigger, what are you doing in here?" and that he asked Wunch why he was "tying into him," and that he put his hand into his pocket and told the parties

to stand aside until he passed out. After he got in the rear room of the saloon he heard some one running through the saloon towards the rear where he was, and that he then pulled his pistol; that immediately afterwards Wunch and the other parties came behind the partition and demanded that he throw up his hands; that he was frightened, and as he started to throw up his hands he accidentally pulled the trigger of the pistol, and the shot was fired.

In order to constitute the crime of assault with intent to kill, the evidence must show that the assault was made with the specific intent to kill the person whom the indictment charges was thus assaulted, and also malice, either express or implied. These two ingredients, specific intent to kill and malice, are the essential constituents of this crime, and both must be established by evidence before a jury can be warranted in returning a verdict of guilty of assault with intent to kill. It is essential to prove that the assault was made with the intent to kill and not accidentally; and that it was made with malice and not as a result of a sudden heat of passion caused by a provocation apparently sufficient to make the passion irresistible, so that if death had ensued the crime would have been murder, either in the first or second degree. *McCoy* v. *State,* 8 Ark. 451; *Cole* v. *State,* 10 Ark. 318; *Lacefield* v. *State,* 34 Ark. 375; *Beavers* v. *State,* 54 Ark. 335; *Davis* v. *State,* 72 Ark. 569; *Satterwhite* v. *State,* 82 Ark. 64.

The law will imply malice where there is a homicide with a deadly weapon and no circumstances of mitigation, justification or excuse appear; and proof of a homicide under such circumstances will warrant a conviction of murder in the second degree. The passion that will reduce a homicide from murder to manslaughter may consist of anger or sudden resentment, or of fear or terror; but the passion springing from any of these causes will not alone reduce the grade of the homicide. There must also be a provocation which induced the passion, and which the law deems adequate to make the passion irresistible. An assault with violence upon another who acts under the influence thereof may be sufficient to arouse such passion; but every assault is not necessarily a sufficient provocation to mitigate the crime from murder to manslaughter; and

words or conduct, however insulting or offensive, are not adequate to reduce the crime to manslaughter, although the homicide was committed in a passion provoked by them; and mere threats or menaces, where the person killed was unarmed and neither committing nor attempting to commit violence on the defendant at the time of the killing, will not free him of the guilt of murder. *Stanton* v. *State*, 13 Ark. 317; *Green* v. *State*, 45 Ark. 281; *Petty* v. *State*, 76 Ark. 515; *Allison* v. *State*, 86 Ark. 444; Wharton on Homicide, 276; 2 Bishop, New Criminal Law, § § 697, 702.

In the present case the defendant was not, under the testimony introduced on behalf of the State, justified in firing the pistol at Wunch, for under that testimony he was not in such immediate danger as to make that action necessary, nor had he employed all the means within his power and consistent with his safety to avoid the necessity of such act.

The testimony on the part of the State tended to prove that the defendant fired the shot with the intent to kill Wunch, and under circumstances which were not sufficient to arouse in him the passion of anger or fear beyond the power of self-control. This testimony tended to prove that the defendant was armed with a deadly weapon, and that Wunch sent for an officer to arrest him for that offense; that he followed defendant to keep watch on him so as to notify the officer when he arrived; that he was unarmed, and that defendant shot at him when he was making no demonstration or offer to do him any violence or injury. The defendant testified that he fired the shot accidentally and without the intent to kill any one. That was a question of fact which, under the testimony and circumstances of this case, it was peculiarly the province of the jury to pass on and determine. Upon a consideration of all the testimony we are of the opinion that there was some substantial evidence which warranted the jury in finding that each ingredient of this crime was established.

It is urged that the lower court committed an error in overruling the defendant's objection to the testimony given by Frank Green. This witness was introduced by the State, and among other things testified that a few minutes before the defendant fired the shot at Wunch he was at the rear of a

saloon located on the opposite side of the street from which the shot was fired, and that the defendant there displayed a pistol. He also testified that the defendant said to him that "he wanted him to come out, that he wanted to give him some of this," at the time displaying the pistol. No objection was made to any question that was propounded to this witness at the time it was asked; nor was any motion or request made at such time to exclude the answer to same, but, after the witness had completed giving. his entire testimony, it is stated in the bill of exceptions, that "to all of the testimony given by Frank Green the defendant at the time excepted and asked that his exceptions be noted of record." The proper manner in which to make and preserve an objection to the introduction of testimony is, first, to make the objection at the time the testimony is offered or to ask its exclusion at the time it is given and to obtain a ruling of the court thereon, and then to except to an adverse ruling. *Mize* v. *State,* 36 Ark. 653; *Fort* v. *State,* 52 Ark. 180; *Meisenheimer* v. *State,* 73 Ark. 407; *Kansas City So. Ry. Co.* v. *Murphy,* 74 Ark. 256. But, if we shall consider that the exception. to the testimony was in effect an objection made thereto and an exception to the overruling of such objection, still we do not think that error was committed by the lower court in this ruling. The defendant did not make any specific objection to any of the testimony when it was offered, nor did he ask for the exclusion of any specific part of it after it was given. *Vaughan* v. *State,* 58 Ark. 353; *Maxey* v. *State,* 76 Ark. 276. He objected generally to all of the testimony. Now, all of the testimony was not incompetent. It was clearly competent to show by this witness that a few minutes before the shot was fired the defendant was armed with a pistol. A motion to exclude all the testimony of a witness is properly overruled if a part of it is competent. *Central Coal & Coke Co.* v. *Niemeyer Lumber Co.,* 65 Ark. 106; *Mallory* v. *Bradmeyer,* 76 Ark. 538; *St. Louis, I. M. & S. Ry. Co.* v. *Taylor,* 87 Ark. 331; *Nichols* v. *State,* 92 Ark. 421; *Powell* v. *State,* 74 Ark. 355.

It is urged that the lower court erred in giving certain instructions to the jury. The court instructed the jury fully upon every ingredient that was essential to constitute this crime

and upon every charge that was embraced in the indictment; and it is not claimed that the court refused to give any instruction that was asked. The complaint now made is relative to the verbiage of some of the instructions. But the defendant did not make any objection to any of these instructions at the time that they were given; he did not ask for a ruling of the lower court upon any objection thereto, and he made and saved no exception to any ruling thereon. This court only determines whether or not the lower court has made an error in any of its rulings. There must therefore be a decision by the lower court upon the question raised; and, in order to obtain such decision of the lower court, an objection must be made, and a ruling of the lower court upon such objection obtained. If no objection is made in the lower court to the instructions, it cannot be made in this court. *McKenzie* v. *State,* 26 Ark. 334; *Johnson* v. *State,* 41 Ark. 535; *Hamilton* v. *State,* 62 Ark. 543; *St. Louis & S. F. Rd. Co.* v. *Fayetteville,* 75 Ark. 534; *Com. Fire Ins. Co.* v. *Belk,* 88 Ark. 505; *Harding* v. *State,* 94 Ark. 65.

Finding no prejudicial error in the trial of this case, the judgment is affirmed.