### ROYAL *v.* STATE.

### Opinion delivered June 25, 1923.

1. CRIMINAL LAW—WEIGHT AND SUFFICIENCY OF EVIDENCE.—While the Supreme Court will determine whether there was evidence legally sufficient to sustain a verdict, it will not disturb a verdict upon the mere weight of the evidence.

2. LANDLORD AND TENANT—SALE OF COTTON SUBJECT TO LANDLORD'S LIEN.—In a prosecution under Crawford & Moses' Dig., § 2552, for a sale of property subject to a landlord's lien, evidence *held* sufficient to sustain a finding that defendant had sold cotton with intent to defeat his landlord's lien, and to show the value thereof.

3. CRIMINAL LAW—INSTRUCTIONS—OBJECTIONS AND EXCEPTIONS.—Where no objections or exceptions are saved to the giving of instructions, no assignment of error on this account is presented for review.

Appeal from Chicot Circuit Court; *Turner Butler,* Judge; affirmed.

*Cook & Trice,* for appellant.

The evidence is not sufficient to support the verdict. 68 Ark. 529; 97 Ark. 156; 85 Ark. 360; 114 Ark. 230. Necessary to allege and prove value of the property. 105 Ark. 172. The judgment should be reversed.

*J. S. Utley,* Attorney General, *John L. Carter* and *Wm. T. Hammock,* Assistants. for appellee.

No objections were made to the court's charge, and no assignment of error is presented on this account. 96 Ark. 52. The verdict is supported by the testimony. 107 Ark. 469; 16 Ark. 499; 64 Ark. 247; 114 Ark. 393; 103 Ark. 87; 88 Ark. 418; 154 Ark. 191. The judgment should be affirmed.

HART, J. Crawley Royal prosecutes this appeal to reverse a judgment of conviction against him for selling property subject to a landlord's lien, in violation of the provisions of § 2552 of Crawford & Moses' Digest.

The main reliance of appellant for reversal of the judgment of conviction is that the verdict is without evidence to support it. Whether there was any testimony legally sufficient to sustain the verdict is a question of law, but whether the verdict is justified by the testimony presents a question of fact which cannot be considered upon appeal.

According to the testimony of T. K. Lee, he made the contract with the appellant, Crawley Royal, to rent him his farm in Chicot County, Ark., for $1,000 for the year 1920. There were 125 acres fit for cultivation, but, on account of the wet season in 1920, there was only between 75 and 100 acres put in cultivation. One of the subtenants of appellant made three bales of cotton and a remnant. This cotton was delivered to appellant, and he delivered two of the bales to the landlord. These two bales were sold for about $100 by the landlord. Appellant told witness that he had taken the other bale of cotton to Lake Village and sold it.

A subtenant of appellant testified that he made three bales of cotton and a remnant of 100 pounds. He turned this cotton over to the appellant after it was ginned. This was the same three bales of cotton referred to by the landlord in his testimony. Another witness testified that she was a subtenant of appellant, and made a small remnant of cotton, which she turned over to him.

Still another witness testified that he made 280 pounds of lint cotton on the place, which he turned over to appellant. Another witness testified that he ginned seven bales of cotton for the appellant and his subtenants in the fall of 1920. All this cotton was turned over to the appellant, except one bale, which he kept to pay for ginning. This bale was sold for about $50.

It is true that this testimony was contradicted by that of the appellant and his witnesses, but, as above stated, the long-established rule in this State is that this court will not disturb the verdict of a jury upon the mere weight of the evidence.

The jury might have found, from the evidence recited above, that the cotton referred to by the witnesses was raised upon the place of the prosecuting witness in Chicot County, Ark., and that appellant sold a part of it with the intent to defeat the landlord in the collection of his rent.

It is insisted that the value of the cotton sold is a material element in the offense, and that there is no testimony on this point. According to the testimony of the landlord, the two bales of cotton which he did receive from appellant were sold for something like $100. According to the testimony of the ginner, the bale which he kept as security for the ginning was sold by him and brought something like $50. The cotton was all grown on the same place. At least the jury might have inferred this to be the fact, and the testimony as to what these three bales sold for inferentially showed the value of the other cotton.

No objections were made or exceptions saved to the giving of instructions. Therefore no assignment of error on this account is presented for review. *Clardy v. State,* 96 Ark. 52.

It follows that the judgment must be affirmed.