ARK. STATE HIGHWAY COMM. *v.* BOWMAN.

5-3029                                              371 S. W. 2d 138

Opinion delivered October 14, 1963.

*Dowell Anders, H. Clay Robinson* and *Don Langston,* for appellant.

*Donald Poe,* for appellee.

JIM JOHNSON, Associate Justice. This appeal arises from eminent domain proceedings in Scott County to condemn land for highway purposes along Highway 270 near Wye City. On July 21, 1961, appellant Arkansas.

State Highway Commission filed a complaint and declaration of taking and deposited the sum of $400.00 for Tract 42 belonging to appellees Tyrus and Deen Bowman, $1,250.00 for Tract 44 (appellees W. G. and Nova Sullivan), $350.00 for Tract 46 (appellees Garrett and Edna Shaddon), and $450.00 for Tract 47 (appellee R. D. Rose). The Scott Circuit Court entered an order giving appellant possession of the property as of July 21, 1961. On May 11, 1962, at pre-trial conference the court combined the above tracts for trial. Trial was held on June 13, 1962. After deliberation, the jury found that just compensation for Tract 42 was $2,500.00, for Tract 44 was $3,000.00, for Tract 46 was $1,750.00, and for Tract 47 was $1,300.00. From judgments on the verdicts, appellant has appealed.

This is a companion case to *Arkansas State Highway Commission* v. *Carpenter et al.*, also handed down today. These cases were tried and appealed in the same week, they involved the same highway, same attorneys and many of the same witnesses. The points relied upon for reversal are substantially the same, as are the briefs. The records, of course, are not identical, and we must therefore determine this case on its own merits.

Appellant contends that the trial court committed reversible error in overruling the Highway Commission's motion to strike the testimony of the landowner's value witness, Donald Roderick, because the witness did not determine the just compensation due for the property on a before and after basis.

The witness testified on direct examination as to his opinion of just compensation for the partial taking of appellees' property on a before and after basis. However, on cross-examination appellant's attorney elicited the following testimony from the witness:

"Q. Now, Don, let me ask you this: You placed a value of $17,500 on the property before the taking. You have enumerated these elements of damage and have subtracted them from the $17,500 to get your after figure, is that correct?

A. Well, I have taken various things into consideration in doing that.

Q. But is that essentially what you have done?

A. No sir.

Q. How have you arrived at this figure then?

A. The element of damage, you mean?

Q. The after figure, what the property is worth after the taking?

A. I have had to estimate in various ways—I don't know some of the things.

Q. Now you have enumerated these items that you've given me here. Have you subtracted those items from the before figure to get your after figure?

A. Yes sir.''

This testimony, standing alone, without considering it together with all of the witness' testimony, does appear to be somewhat contradictory. However, in order to avoid any confusion, the trial court immediately gave the following admonition to the jury:

''Now, Ladies and Gentlemen, in so far as any of these items like replacement of fence—these various specific items of damage which Mr. Roderick has enumerated, you understand, as I told you in the beginning, they in themselves—not any one of them or the sum total constitutes the measure of the just compensation to be arrived at in this case and they are only admitted to you as an aid in determining what the difference before and after would be and you are not to consider them at all unless you find that they are reasonable and where applicable are necessary and are to be considered under all the circumstances in the case. Now I want to caution you to base your verdict solely upon what you find the difference to be between the value—the market value of the land before the taking and the market value after the taking.''

Appellant forcefully contends that the witness' testimony indicates that he determined the before value, estimated the damage to the property and subtracted that figure from the before value to arrive at his after value. Appellant's contention is not substantiated by the record. Recapitulation of the witness' damage figures compared with his before and after values, contained in appellant's brief, clearly show that there is no such close correlation between the figures as would justify such a conclusion.

Appellant moved to strike all the testimony of this witness. This court has long held a motion to exclude all of the testimony of a witness was properly overruled if a part of it was competent. *Taylor* v. *McClintock*, 87 Ark. 243, 112 S. W. 405; *St. Louis, I. M. & S. R. Co.* v. *Taylor*, 87 Ark. 331, 112 S. W. 745; *Nichols* v. *State*, 92 Ark. 421, 122 S. W. 1003. Without detailing the testimony further, appellant admitted the qualification of appellees' expert, who in the past has done appraisal work for the State Highway Department. Suffice it to say, some of this witness' testimony was competent. This being true, we find no error in the trial court's ruling.

Appellant further contends that the jury verdict on the Rose property, Tract 47, was excessive and beyond its power. Appellee Rose did not testify in his own behalf as to the value of his property. Appellees' value witness testified that the damage sustained by the Rose property was $1,000.00, whereas appellant's witnesses assessed the damages at $650.00 and $400.00. The verdict is $300.00 above any testimony, and is therefore excessive on its face as there is no evidence to support the verdict in that amount. See *Dodd & Co.* v. *Read*, 81 Ark. 13, 98 S. W. 703; *Southern National Ins. Co.* v. *Williams*, 224 Ark. 938, 277 S. W. 2d 487.

The judgments in favor of appellees Bowman, Sullivan and Shaddon are affirmed. The judgment in favor of appellee Rose is affirmed upon condition that a remittitur in the sum of $300.00 be entered within seventeen

calendar days; otherwise the judgment will be reversed and the cause remanded for a new trial.

Ward, J., concurs.

PAUL WARD, Associate Justice (concurring). I am not dissenting in this case as I did in the companion case, *Arkansas State Highway Commission* v. *Joella Carpenter, et al.* (No. 3028), because the factual situations in the two cases are not the same.

I am concurring for the following reasons. First, conceding that the before and after rule *was followed,* it is immaterial that some of the elements of damages were incorrect. Second, if the before and after rule *was not applied,* then none of the elements of damages was pertinent and the rule announced in *Taylor* v. *McClintock* has no application.