POWELL v. STATE.

Opinion delivered February 25, 1905. .

1.  CRIMINAL PRACTICE—RIGHT TO COPY OF INDICTMENT.—Though one in custody accused of a capital offense is entitled, under Kirby's Digest, § 2274, to have a copy of the indictment delivered to him at least forty-eight hours before arraignment, his right thereto is waived by failing to make objection at the time of arraignment that no copy or a defective one has been furnished to him.  (Page 355.)

2.  TRIAL.—IMPROPER ARGUMENT—SUFFICIENCY OF OBJECTION.—An objection to be effective, must be specific, so as to apprise the trial court of the particular error complained of by the objection.  Thus, where a general objection was taken to a statement of the prosecuting attorney, part of which was proper, the objection will be overruled.  (Page 356.)

3.  MURDER—KILLING IN PERPETRATION OF ROBBERY.—Where, in a murder case, there was proof of premeditation and deliberation, evidence that the killing was done in the perpetration of or the attempt to perpetrate robbery was properly admitted, though the indictment did not allege such fact.  (Page 358.)

Appeal from Miller Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

A. S. Gibson and W. F. Kirby, for appellant.

The defendant was not served with a true copy of the indictment, as required by law. 43 Ark. 391; 60 Ark. 504. The remarks of the prosecuting attorney were improper.  58 Ark. 473; 62 Ark. 126; 69 Ark. 184.

Robert L. Rogers, Attorney General, for appellee.

The objection to the copy of the indictment furnished was not made in time.  43 Ark. 391; 46 Ark. 141; 39 La. Ann. 1060.

McCULLOCH, J.   Appellant was indicted, tried and convicted of murder in the first degree, and appeals to this court.

The copy of indictment served upon him before arraignment omitted the word "deliberation," contained in the original.  Upon arraignment the defendant pleaded not guilty, and made no objection by reason of the defect in the copy, but after conviction he filed his motion in arrest of judgment on this ground.

A defendant in custody, accused of a capital offense, is entitled to have a copy of the indictment delivered to him by the clerk at least forty-eight hours before the arraignment.  Kirby's Dig.

§ 2274. This is a right, however, which he may waive, and does waive by pleading to the indictment upon arraignment and going into trial without objection on this ground. *Wright* v. *State,* 42 Ark. 94; *Johnson* v. *State,* 43 Ark. 391; *McCoy* v. *State,* 46 Ark. 141.

It is contended on behalf of the appellant that, while he would have been held to have waived a failure to furnish him with any copy of the indictment at all, he had a right to rely upon the correctness of the copy in fact furnished to him, and, so relying upon it, is not deemed to have waived a substantial defect in such copy. The reason for this requirement of the statute is that the defendant may be correctly apprised of the nature of the charge which he is called upon to answer. It is not, however, the only method of conveying this information to him. "An arraignment is the reading of the indictment by the clerk to the defendant, and asking him if he pleads guilty or not guilty to the indictment." Kirby's Dig. § 2272. If, upon arraignment, he fails to object to the defective copy of the indictment furnished him, he will be held to have waived it. The only effect of an objection in apt time to the defect in the copy would have been to give the defendant the right to demand a postponement of the arraignment for forty-eight hours, a right which he may waive and does waive by failing to make the objection for the first time after trial and verdict. I Bish. Cr. Pro. § 126; *State* v. *Green,* 66 Mo. 631; *State* v. *Jackson,* 12 La. Ann. 680; *Com.* v. *Betton,* 5 Cush 427.

The following language of the prosecuting attorney, used in the closing argument to the jury, is assigned as error.

"Ah, gentlemen! The true theory of this case is that the defendant waylaid the deceased at the road with the gun, for the purpose of robbery; that he did rob him—Old Ben Davis saw the money in his hand after he had walked up the road from the place of the killing—that he killed him in the perpetration of robbery; and you are bound, under the instructions of the court, to find him guilty of murder in the first degree, the court having told you to do so if he killed the deceased in the perpetration of robbery."

The defendant at the time objected to this statement, and asked the court to exclude it and any evidence tending to show a killing in the perpetration of robbery from the jury, which

motion the court overruled, and the defendant duly saved exceptions.

In the case of *Rayburn* v. *State*, 69 Ark. 177, the court held that, under an indictment for murder which did not charge the offense to have been committed in the perpetration of or an attempt to perpetrate robbery, it was error to instruct the jury that, if they found beyond a reasonable doubt that the defendant, in the perpetration of or in the attempt to perpetrate robbery, shot and killed the person named in the indictment he would be guilty of murder in the first degree. Appellant contends that the remarks of the prosecuting attorney, which, it is argued, the court sanctioned by refusing to exclude them, amounted to an erroneous instruction, within the rules laid down in the Rayburn case. The two cases are entirely dissimilar upon the facts, in the particular that in the former there was no testimony in the record tending to establish premeditation and deliberation on the part of the accused in the commission of the offense, which are essential elements of murder in the first degree, and the court held that, in the absence of proof of those elements, a conviction of that degree of murder could not be had, upon proof that the killing was done in the perpetration of or an attempted perpetration of robbery, where the same was not alleged in the indictment; and in the case at bar the proof of premeditation and deliberation is abundant. The court in the Rayburn case did not hold that proof of the robbery or attempted robbery is not admissible, with other facts and circumstances, to establish the distinctive elements of murder in the first degree—premeditation and deliberation—even though the indictment contains no allegation of robbery.

The remarks of the prosecuting attorney, in so far as he argued the testimony tending to show the elements of malice, premeditation and deliberation, constituting the crime and the motive which prompted its commission, were legitimate, and were fully warranted by the proof. He transcended the bounds of the record, however, when he stated that the court had told the jury that they must convict the defendant of murder in the first degree if he killed the deceased in the perpetration of robbery. The court had not so instructed the jury, but, on the contrary, had properly instructed them as to the essential elements of the crime charged in the indictment.

The proof of appellant's guilt of the crime of murder in the first decree is so plain that it is difficult to conceive how the verdict could have been otherwise upon the proof, or how any prejudice resulted from the improper remarks of the attorney. But, whether prejudicial or not, no exceptions thereto were properly saved. Instead of objecting specifically to that part of the remarks which were improper, viz., the part erroneously relating to the instructions of the court, appellant objected to the whole, including the statement of the testimony, which was proper. Objections and exceptions, to be effective, must be specific, so as to apprise the trial court of the particular error complained of by the objection. When the objection is general, or includes matter held to be proper, it will not avail. *Darden* .v. *State,* 73 Ark. 315; *Vaughan* v. *State,* 58 Ark. 353.

Moreover, appellant coupled with his objection to the remarks of counsel a motion to exclude all the testimony tending to show a killing in the perpetration of robbery. For the reasons hereinbefore stated, this testimony was· competent and so intimately entered into the proof of the essential elements of the crime that it should not have been excluded.

Affirmed.