DAVIS AND THOMAS v. STATE.

Opinion delivered March 8, 1915.

1. BURGLARY—SUFFICIENCY OF INDICTMENT.—In an indictment for burglary, the specific felony intended to be committed by the accused must be set out or specified, but the allegation of the ulterior felony intended need not be set out as specifically as would be necessary in an indictment for the actual commission of that felony, and it is sufficient, ordinarily, to state the intended offense, generally.

2. BURGLARY—INDICTMENT—PROOF—NAMES—VARIANCE.—A variance between the indictment charging the burglarious entering of a store belonging to a partnership composed of O. J. & R. L. Harkey, and the proof which showed that the partnership was composed of J. N. & O. L. Harkey, is immaterial.

3. BURGLARY—SUFFICIENCY OF EVIDENCE.—Several burglaries were committed or attempted one night in a small town. *Held,* the evidence was sufficient to show defendants guilty of the burglary charged in the indictment.

4. EVIDENCE—CRIMINAL LAW—OTHER CRIMES—MOTIVE.—The rule that one crime can not be proved as a circumstance from which to infer guilt of the commission of another, does not exclude evidence which tends to show motive.

5. EVIDENCE—PROOF OF CRIME—OTHER CRIMES.—Evidence is not to be excluded because it tends to show the commission of a crime in addition to the one for which a defendant is upon trial, if such evidence also tends to prove guilt of the crime charged in the indictment.

6. CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE.—Where the State relies solely upon circumstantial evidence for a conviction, the chain of circumstances must be wholly inconsistent with defendant's innonence, and must be so convincing of defendant's guilt as to exclude every other reasonable hypothesis, and it must establish in the minds of the jury an abiding conviction, to a moral certainty, of the truth of the charge.

7. TRIAL—ARGUMENT OF COUNSEL—CONDUCT OF ACCUSED.—In a prosecution for burglary, when the evidence showed that accused was found with burglar's tools on him, shortly after the commission of the crime, argument of the prosecuting attorney, referring to those facts, is not improper.

Appeal from Yell Circuit Court, Dardanelle District; *A. B. Priddy*, Special Judge; affirmed.

*W. P. Strait*, for appellants.

1. The court should have sustained the demurrer. No value of the money is alleged. When grand larceny is charged as the crime intended to be committed, an allegation of the value of the property becomes material, and a failure to allege it to be of value sufficient to constitute grand larceny makes the indictment fatally defective. 66 Ark. 110.

2. The evidence does not sustain the verdict. Mere grounds for suspicion will not justify a conviction, but there must be substantial proof of guilt. 85 Ark. 360; 68 Ark. 528.

There is a fatal variance between the allegation as to ownership of the building, and the proof. 66 Ark. 110; 6 Cyc. 227; Bishop's New Criminal Procedure, § 137; 88 Ala. 113; 16 Am. St. Rep. 23; 78 *Id.* 527; 77 Miss. 370; 40 Am. Rep. 548.

4. The admission by the court of testimony tending to prove the commission of separate and independent

offenses, was prejudicial error. 91 Ark. 559; 37 Ark. 261; 39 Ark. 278; 73 Ark. 262; 68 Ark. 577.

Neither of the appellants testified in his own behalf, and the State had no right to attack their character or reputation, either directly or indirectly. 91 Ark. 558; 1 Greenleaf on Ev., (8 ed.), § 14; Wigmore on Evidence, § 57.

5. The argument of the prosecuting attorney was unfair and prejudicial. 68 Ark. 481; 72 Ark. 469; 75 Ark. 577; 70 Ark. 307; 65 Ark. 619; 74 Ark. 279.

*Wm. L. Moose,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

1. The demurrer was properly overruled. The allegation "twenty dollars, lawful gold, silver and paper money of the United States," was amply sufficient to state the value of the money alleged to have been taken. Kirby's Dig., § 1844.

The indictment is good in that it charges that the building was entered and broken into with the intent to commit a felony, etc. 105 Ark. 13; *Id.* 82.

2. The testimony establishes the building and ownership, beyond question, in J. M. Harkey's Sons, and the variance as to the initials of the parties is immaterial. 105 Ark. 82.

3. There was no error in permitting testimony of certain witnesses with reference to other stores having been robbed on the same night. It was admissible for the purpose of showing the intent of the parties. 110 Ark. 251.

4. The remarks of the prosecuting attorney were in the line of legitimate argument and were not prejudicial.

SMITH, J. Appellants were tried under an indictment containing two counts, the first charging them with burglary, and the second charging them with grand larceny. They were convicted on the first count, and have appealed from the judgment pronounced upon the verdict of the jury.

It is first insisted that the demurrer to the indictment should have been sustained for the reason that it did not sufficiently describe the larceny which appellants intended to commit; and it is also alleged that there is a variance between the allegation of the indictment, reciting the names of the members composing the partnership whose store was burglarized, and the proof on that subject. The indictment alleges that appellants "did wilfully, unlawfully, feloniously and burglariously break and enter the store building and house of J. M. Harkey's Sons, a partnership composed of O. J. Harkey and R. L. Harkey, with the wilful, unlawful, felonious, and burglarious intent to commit a known felony, towit: grand larceny, by unlawfully, wilfully, burglariously and feloniously stealing, taking and carrying away twenty dollars, lawful gold, silver and paper money of the United States, the personal property of the J. M. Harkey's Sons, a partnership aforesaid and composed as aforesaid, with the unlawful, felonious and burglarious intent to deprive the said owners of their said property as aforesaid."

(1)    The indictment sufficiently describes the felony which appellants intended to commit. "The rule is well established that although in burglary and statutory housebreaking the intent, as defined by the law, is simply to commit a felony, it is not sufficient in the indictment to follow these general words, but the particular felony intended must be specified. The allegation of the ulterior felony intended need not, however, be set out as fully and specifically as would be required in an indictment for the actual commission of the felony. It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape or arson. The word 'felony' is a generic term employed to distinguish certain high crimes, as murder, robbery, and larceny, from other minor offenses known as misdemeanors. The averment that the accused has broken and entered a dwelling house for the purpose of committing a felony, fails wholly to

apprise him of the specific offense which it is claimed he intended to commit. The defendant is not to be oppressed by the introduction of evidence which he can not be prepared to meet. By statute in some States, however, it is provided that a general allegation of felonious intent, without describing the particular felony intended to be committed, will be sufficient. And in indictments for burglary with intent to commit larceny it is not necessary to specify the particular goods and chattels the defendant intended to steal; and such want of specification does not prevent the plea of former acquittal or conviction, for the plea is available if the same burglarious breaking and entering is the essential ingredient in both charges. When no property of any value is discovered by the accused after he has forcibly broken and entered the building with felonious intent, the better rule is that he is guilty of burglary, since the guilty purpose is the essence of the offense.'' 4 R. C. L., § 29, p. 436.

(2) It will be observed the indictment alleges that the partnership of J. M. Harkey's Sons was composed of O. J. Harkey and R. L. Harkey. The proof shows the store broken into was the property of the partnership known as J. M. Harkey's Sons, but the proof also shows that the correct names of the members of this firm are J. N. Harkey and O. L. Harkey. This variance is immaterial. *Andrews* v. *State,* 100 Ark. 184; *Hughes* v. *State,* 109 Ark. 403; *Ivy* v. *State,* 109 Ark. 446.

It is also insisted that the evidence is not sufficient to support the verdict, and that the court erred in admitting proof of the commission of other felonies on the night the Harkey's Sons store was burglarized in the town of Ola, where that store was located. Appellants, with another companion, arrived in Ola about 10 p. m. and were seen on the streets about midnight. Five stores were burglarized that night, but only a small sum of money was secured, and nothing else was missing in any of the stores, as the burglars seem to have been in quest only of money. Appellants walked out of Ola, and one

of them explained that they did this because they were afraid a bottle of nitroglycerine which was found in their possession would explode. When appellants were overtaken by the officers, and accosted by one of them, they undertook to escape, but did not succeed in doing so, but threw away two pistols, which were found by the officers. When appellants were searched by the officers, caps and fuses for use with explosives, were found on their persons, and also three skeleton keys, some one of which would unlock the door of almost any room, and other skeleton keys were found on them, which were designed to unlock the small drawers inside of combination safes. A blacksmith shop in the town was also broken into on the night in question and a hammer and cold chisel stolen therefrom. This chisel had a gap in it, and all the stores were entered either by the use of skeleton keys or by prying open windows with the cold chisel. The indentation made by the chisel indicated that the same chisel had been used in each case. The skeleton keys found in appellants' possession unlocked, but would not lock, the doors which were found open. Certain cash drawers had also been pried open by the use of a chisel. Among the other stores broken into was that of a Mr. Ellis, who testified that after supper he received a bright new penny, which he placed in his cash drawer, and such a penny was found the next day in the possession of one of the appellants. When appellants were arrested they gave fictitious names and, upon being interrogated about their purpose in coming to Ola; and in a conversation about the burglaries, appellant Davis stated that fellows of his kind were not always as bad as they appeared to be, and that they would never hurt women and children.

(3) We think this proof sufficient to sustain the jury's verdict and that it was all admissible in evidence. Ola is not a large city; in fact, it is only an incorporated town, and the number of burglaries and the manner of their commission strongly indicate that they were all committed by the same parties by the use of the same

instrumentalities in effecting an entrance into the buildings burglarized.

(4-5) It has been many times said that one crime can not be proved as a circumstance from which to infer guilt of the commission of another; but this rule does not include evidence which tends to show motive, design or intent. *Setzer* v. *State,* 110 Ark. 226, and cases there cited. Evidence is not to be excluded because it tends to show the commission of a crime in addition to the one for which a defendant is upon trial, if such evidence also tends to prove guilt of the crime charged in the indictment. The proof here was circumstantial, and we think each of the circumstances detailed had a relevant bearing upon the question of the burglarizing of the Harkey store. The jury alone could pass upon the weight of each of these circumstances in determining that question, and should, of course, have limited their consideration of those circumstances to that question. *State* v. *DuLaney,* 87 Ark. 17.

(6) It is also insisted that the court erred in refusing to give an instruction which elaborated the duty of a jury in weighing circumstantial evidence. Without passing upon the correctness of the instruction which was refused, it is sufficient to say that this feature of the case was fully covered by instruction numbered 5, given at appellant's request. That instruction reads as follows:

"You are further instructed that when the State relies wholly upon circumstantial evidence, as in this case, to justify the conviction of a person charged with a crime, then such chain of circumstances, as a matter of law, must not only be inconsistent with defendants' innocence, but must be so convincing of their guilt as to exclude every other reasonable hypothesis, and must establish in the minds of the jury an abiding conviction, to a moral certainty, of the truth of the charge, and unless this is done in this case then it is your duty to acquit the defendants."

(7)   It is finally insisted that the cause should be reversed because of improper argument of the prosecuting attorney.   The following excerpts are set out in the record: "That was the last time they were seen, and five robberies were committed that night in the town, Harkey's store was robbed."   And the prosecuting attorney referred to the fact that appellants threw away their pistols and had nitroglycerine and caps and fuses in their possession, and further said: "Are they the character of men that would do that?   I will leave it to you, gentlemen, to say, with caps and fuses—"   (Here counsel for appellants' objected on the ground that the prosecuting attorney can not attack appellants' character in that way).   The prosecuting attorney continued: "I am not trying to attack their character; that has already been established."   Proper exceptions were saved to this argument.   Appellants did not testify and did not put their reputation in issue.

Having said that the proof about the caps and fuses was proper, it follows that the reference made to this proof in the argument was not improper.   Nor do we think it was error for counsel to argue the purpose one has in carrying around with him the implements of a burglar.   The effect of such argument and of the admission of the proof upon which it is based is, of course, to blacken the character of appellants.   But this does not offend against the rule that the State may not show a defendant's bad reputation, where he has not put his reputation in issue.   This proof does not go to the general reputation; on the other hand, it tends to establish appellants' occupation and purpose at the time and place of the commission of the burglary set out in the indictment, and tends further to show their connection with the commission of that crime, and it was not, therefore, prejudicial.

Finding no prejudicial error the judgment of the court below is affirmed.