HARRIS *v.* PRUETT.

Opinion delivered October 27, 1930.

*G. E. Morris,* for appellants.
*C. V. Holloway,* for appellees.

McHANEY, J. In November, 1926, the appellees entered into a three-cornered rental contract as follows: Hutto was to furnish the land and "necessary hay to feed the Pruetts' stock during the making of the above mentioned crop." Pruetts were to pay Hutto, as rent for the land, one-fourth of all cotton and cotton seed, one-third of the corn, and ten dollars per acre for the alfalfa land. Perry agreed "to finance the said Pruetts to enable them to make the 1928 crop on said land. To furnish them corn and cotton seed sufficient to plant and make the crop, and sufficient mules to make the crop, and to take care of them financially for the year of 1928." It was further agreed that Hutto should waive his landlord's lien in favor of Perry, until he had collected for all he had furnished the Pruetts in the making of said crop during the year 1928. Pruetts executed and deliv-

ered to Perry a mortgage on their mules, tools, wagons, harness and plow gear to secure him for advances made. Perry advanced on open account $561.61, and sold the Pruetts twelve mules valued at $1,280, retaining title to them until they were paid for. In order to get further financial assistance, the Pruetts, on February 1, 1928, gave a mortgage to the Bank of England on all their crops to be raised that year, and a second mortgage on the property already mortgaged to Perry, which secured five supply notes of $550 each, running from March until July, inclusive, which said notes were indorsed by Perry, and was in performance of his contract to furnish the Pruetts financial assistance. In addition to this, Hutto made advancements to the Pruetts in the sum of $1,290.80. Pruetts also obtained supplies from appellant Harris, in the sum of $446.30, and secured appellant, therefor, by a third mortgage on his mules, tools, etc., and a second mortgage on his crops, which were already incumbered with the landlord's lien for rents and supplies in favor of Hutto.

Appellant brought this action to subject the property covered by his mortgage to the satisfaction of his debt, claiming that his lien was superior to that of Perry and Hutto, and claiming that Perry and Hutto converted to their own use certain bales of cotton upon which appellant had a mortgage. He prayed for the appointment of a receiver to take charge of the property, and for a judgment against the Pruetts in the amount of his claim. A receiver was appointed, who took charge of the property of the Pruetts, converted it into cash, and filed his report with the court. Upon a trial of the case, the court found that the Pruetts were indebted to Perry in the sum of $1,280 for twelve mules, $561.61 for supplies advanced and $107.30 balance due to the Bank of England, which was paid by Perry and assigned to him by the bank, together with the lien of its mortgage, making a total of $1,948.91, which should be credited with the $1,115, the value of the mules returned to Perry, leaving a balance

of $833.91, with interest; that the Pruetts were indebted to Hutto in the sum of $780 and to appellant Harris in the sum of $446.30; that Perry received nine bales of cotton from the Pruetts and their croppers and sold same for $781.46, out of which he paid Hutto $195.36, labor for picking $30.25, to the share-croppers their part, and retained himself $359.41; that the receiver sold $728.26 worth of cotton out off which Hutto is entitled to one-fourth as rent, or $182.06; that Perry is entitled to a first lien on the proceeds of the mules, tools, etc., sold by the receiver, by virtue of his mortgage, except one cow covered by appellant's mortgage; and that Perry is entitled to a first lien on the crop, by reason of the deed of trust given the Bank of England, and which had been assigned to him; that Hutto is entitled to a prior lien for his rents and supplies which amount to $780; and that subject to all prior liens appellant is entitled to a lien on the property for $446.30. A decree was entered in accordance with the court's findings.

This appeal challenges the correctness of this decree. It is said that Perry should not have paid to the share-croppers their share of the proceeds of the sale of cotton delivered to him by the Pruetts. The evidence is undisputed that he did do this without knowing that appellant had furnished any supplies and claimed any lien on their share of the crops grown. Under these circumstances we do not think appellant is entitled to a judgment against Perry for the amount paid to share-croppers. The whole matter is quite involved, and, after a careful consideration of all the evidence, we are of the opinion that the court worked out the equities of the parties correctly, and that its findings are not against the preponderance of the evidence.

We find no error, and the decree is affirmed.