SANDERS *v.* STATE.

4132                                131 S. W. 2d 936

Opinion delivered October 2, 1939.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Asst. Atty. General, for appellee.

MEHAFFY, J. The appellant was found guilty in the Izard circuit court of burglary and petit larceny, and his punishment was fixed at two years in the state penitentiary for burglary, and a fine of $10 for petit larceny. He filed the following motion for new trial:

"Comes now Woodrow Sanders, the defendant herein, and moves the court to set aside the verdict of the jury and the judgment of the court rendered in this cause, and that he be granted a new trial herein, because:

"1. The verdict is contrary to the law.

"2. The judgment is contrary to the law.

"3. The verdict is contrary to the evidence.

"4. The judgment is contrary to the evidence.

"5. The verdict and judgment is contrary to both the law and evidence.

"Wherefore, Woodrow Sanders, the defendant herein, prays that this court set aside the verdict of the jury and the judgment of the court rendered herein, and that he be granted a new trial."

Motion for new trial was overruled, and the case is here on appeal.

The information filed by the prosecuting attorney charged appellant in the first count with burglary by feloniously and burglariously breaking and entering a building belonging to one Ray Perryman, in the town of Calico Rock. The second count charged appellant with the crime of grand larceny.

The case was tried by jury, and the jury returned a verdict finding the appellant guilty of burglary and petit larceny. No objections were made to the court's instructions, and no objection was made to the introduction of evidence, and as will appear from appellant's motion for new trial, the only question is the sufficiency of the evidence to sustain the verdict.

Ray Perryman, the owner of the building, testified that he went to his place of business and found some motor oil, gasoline, and a five-gallon measuring can missing. He made an investigation and examined the tracks

very closely. The persons who entered the building had prized the door open. The door had been locked. He noticed one track in particular, and he next saw that track when he looked at one made by appellant. It was the same as the one inside the building. He then reported the matter to the officers. The five-gallon measuring can was worth from $5 to $8. There were 11 or 12 quarts of lubricant taken, which was worth 25 cents a quart; four quarts of another kind that sells for 35 cents a quart.

Homer Harris, a deputy sheriff, testified that he investigated the burglary and larceny and first arrested Kenneth Sanders, brother of appellant. Kenneth Sanders said that he got the oil from appellant. Appellant was then arrested and search was made of his house, and a quart can of 50 weight oil was found in an old stove. Appellant said he bought it in Calico Rock from the Perryman Chevrolet Company. Later he confessed and told witness and others that he and Earl Hicks wanted to go to Brockwell to church, and they broke into the station and stole the oil and gas. The confession was made voluntarily.

J. C. Badgett testified that he helped deputy sheriff Homer Harris investigate the case, and when they first questioned Kenneth Sanders, and he told them that he got the oil from his brother, then they arrested appellant. Appellant told them that he had gotten it in a garage at Calico Rock, and they checked his alibi, and he then confessed and said that he and Earl Hicks had broken into the garage and stolen the gas and oil.

Earl Hicks testified that he and appellant broke into the house and stole the gas and oil. They threw the five-gallon can out on top of the hill. They got eight gallons of gas and eleven quarts of oil.

The appellant did not testify.

The court fully instructed the jury, and as we have already said, no objections were made to the instructions.

The jury found the appellant guilty of burglary and of petit larceny. Of course, in order to convict for bur-

glary, the evidence would have to show that he entered with the intent to commit a felony; in this case, grand larceny.

Ray Perryman testified that the five-gallon measuring can was worth from $5 to $8. The evidence also shows that this can, which was stolen, was thrown out on top of the hill, and that in addition to the can appellant got eight gallons of gas and eleven quarts of oil. The evidence shows that there were 12 quarts of oil, worth 25 cents a quart, and four quarts of another kind worth 35 cents a quart. In addition to the oil, which was worth probably four or five dollars, eight gallons of gasoline were taken. Altogether, this would amount to something more than $10; the property actually stolen..

This court said in the case of *Monk* v. *State*, 105 Ark. 12, 150 S. W. 133: "The evidence is sufficient, we think, to sustain the finding of the jury. The proof adduced by the state tended to establish the value of the watch and fob in excess of the sum of $10, but the jury gave defendant the benefit of all doubts on that point and convicted him of petit larceny. The circumstances, however, warranted the inference that the house was entered by Davis with intent to commit grand larceny, and therefore warranted the conviction of burglary, even though it turned out that the property he took was of less than $10 in value."

We think the evidence was sufficient to justify the jury in finding that appellant entered the house with the intention of committing grand larceny.

The court gave the following instruction:

"In this case, if you should believe beyond a reasonable doubt, that the defendant entered the building and inclosure of the prosecuting witness, Ray Perryman, with the intent of stealing more than $10 worth of personal property, it would be your duty to convict him of the crime of burglary and fix his punishment at confinement in the Arkansas state penitentiary for sometime not less than two nor more than—I believe at the time of this alleged offense, the maximum was seven

years. It is immaterial, gentlemen, in this case whether or not the larceny was committed, but it is material that the defendant entered with the intention of committing grand larceny. If he entered the building with the intention of committing grand larceny, he would be guilty of burglary, even though he did not commit it."

The jury, therefore, must have found that the appellant entered with the intention to commit grand larceny.

This court said in another case: "When no property of any value is discovered by the accused after he has forcibly broken and entered the building with felonious intent, the better rule is that he is guilty of burglary, since the guilty purpose is the essence of the offense." 4 R. C. L. 436; *Davis and Thomas* v. *State,* 117 Ark. 296, 174 S. W. 567.

This court has decided in a number of cases that the offense of burglary is complete, even though the intention to commit a felony is not consummated. *Duren* v. *State,* 156 Ark. 252, 245 S. W. 823.

If one enters a building with the intent to steal generally whatever property there is, he would be guilty of burglary, although it turned out that the value of the property was less than $10. *Harvick* v. *State,* 49 Ark. 514, 6 S. W. 19.

The evidence was sufficient to submit to the jury the question of appellant's guilt or innocence, both as to burglary and larceny, and the jury's verdict on the facts is conclusive here. The rule is well established in this court that evidence admitted at the trial will, on appeal, be viewed in the light most favorable to the appellee, and if there is any substantial evidence to support the verdict of the jury, it will be sustained. *Daniels* v. *State,* 182 Ark. 564, 32 S. W. 2d 300; *Walls and Mitchell* v. *State,* 194 Ark. 578, 109 S. W. 2d 143; *Humphreys* v. *Kendall,* 195 Ark. 45, 111 S. W. 2d 492; *West* v. *State,* 196 Ark. 763, 120 S. W. 2d 26.

The appellant in this case did not offer any proof or contend that the value of the property was $10 or less.

No contention was made, and no contention is made here, that appellant entered the building with the intention of stealing property of the value of $10 or less. The jury would have been justified in finding that the actual property stolen by appellant exceeded $10 in value.

The judgment of the circuit court is affirmed.