POPE *v*. STATE.

4582                                              225 S. W. 2d 8

Opinion delivered December 19, 1949.

*Marshall Purvis* and *Walter M. Purvis,* for appellant.

*Ike Murry,* Attorney General, and *Arnold Adams,* Assistant Attorney General, for appellee.

Holt, J. On information charging the crime of burglary, a jury found appellant, Pope, guilty and assessed his punishment at a term of five years in the State Penitentiary. From the judgment is this appeal.

Appellant argues ten grounds for reversal.

—(1)—.

Appellant says that he "admits that an offense was sufficiently charged under Arkansas Statutes, (1947), § 41-1001, but states that appellant was not tried under this section," but was tried under § 41-1004. We cannot agree. Section 41-1001 provides: "Burglary is the unlawful entering a house, tenement, railway car, automobile, airplane, or other building, boat, vessel, or water craft with the intent to commit a felony or larceny."

The information (omitting formal parts) accused "the defendant, Harry M. Pope, of the crime of burglary committed as follows, to-wit: The said defendant on the 18th day of December, 1948, in Garland County, Arkansas, did unlawfully, willfully and feloniously break and enter a certain building known as Crawford's Pharmacy, the same being situated at 1008 Park Avenue, Hot Springs, Garland County, Arkansas, with the intent to commit a felony therein, against the peace and dignity of the State of Arkansas."

The court instructed the jury in Instruction No. 2: "You are instructed that burglary is the unlawful entering of a house, tenement, railway car, automobile, airplane, or other building, boat, vessel or water craft with intent to commit a felony or larceny," and in No. 7:

"You are instructed that if you find from the evidence beyond a reasonable doubt that the defendant in Garland County, Arkansas, and within three years before the filing of the information in this case, that the defendant did unlawfully enter or aid or abet in unlawfully entering the building occupied by the Crawford Drug Store, with the intent to commit any felony that it will be your duty to fix his punishment at imprisonment in the penitentiary for not less than two nor more than seven years."

Obviously, we think the court based its instructions on § 41-1001 and the issues were tried under this section and not under § 41-1004. Under § 41-1001 it makes no difference whether the burglary charged was committed in the day time or at night. Since appellant concedes that the information was based on § 41-1001, we proceed to examine his second argument that the evidence was not sufficient to support the verdict, and that it rested on "speculation and conjecture."

—(2)—

The evidence was to the following effect: Having information of a disturbance at Crawford's Drug Store in Hot Springs, at about one o'clock a. m. of December 17, 1948, a number of police officers proceeded to that place and en route they noticed a late model maroon Hudson automobile leaving the scene. The car bore a Texas license tag, KD-5453 (which Officer Rowe noted on an envelope) and apparently was being driven in low gear, without lights. As they approached the drug store, three of the officers proceeded to the rear and placed a spotlight in a position to light up the alley way. Another officer proceeded to the front and as he approached the door of the store, he observed two men leaving the building from the rear into the alley. Shots

were exchanged, resulting in the death of one of the men named Short, and the capture of his confederate, Bryant, and the serious wounding of Officer Ermey. The rear door of the drug store had been pried open, the drawers of the prescription counter had been pulled out and ransacked.

The following day, appellant, Pope, was arrested at the Coronado Courts near Hot Springs, and in a garage adjacent to his cabin, the maroon Hudson automobile, above referred to, and observed at the scene of the crime the night before, was found. Papers on Pope's person indicated that the car belonged to him. A "sport" shirt upon which was stenciled the name of Bryant was found in Pope's possession, and a search of the automobile revealed a purse containing data identifying it as belonging to Bryant.

Bryant, offered as a witness by the State, had prior to the trial made a written and oral statement detailing appellant's connection with the burglary of the drug store, from the time appellant had "cased" the premises until the criminals were apprehended. On the stand, Bryant denied the truth of his previous statements or admissions. The complete written statement, at appellant's request, was read to the jury. The weight to be given to Bryant's testimony and its credibility, in the circumstances, were matters for the jury's consideration.

While it is true Bryant was an accomplice, the court told the jury, by proper instructions, to which appellant interposed no objection, that appellant could not be convicted on the uncorroborated testimony of any accomplice. Instruction No. 3, which the court gave, contained this language: "You are instructed that the defendant in this case cannot be convicted on the uncorroborated testimony of any accomplice and that the amount of corroborating evidence which should be required is a question solely for the jury, and it is sufficient, if there is such evidence, to warrant you in convicting the defendant, provided it, taken with all the other evidence in the case convinces you of his guilt beyond a reasonable doubt."

As pointed out, appellant made no objection to this instruction, and made no request for any instruction on the question of Bryant's being an accomplice.

Without attempting to detail all of the testimony, that above set out, when viewed in the light most favorable to the State, as we must, was ample to support the jury's verdict of guilty.

—(3)—

Appellant says that error was committed in the direct examination of Officer Rowe. It appears that on the night in question this officer observed the license number of appellant's car and wrote it down on the back of an envelope, and using this as a memorandum to refresh his memory, testified that the car was "a maroon Hudson, has a license KD-5453 Texas tag." The envelope was not introduced in evidence. This particular car was shown by the evidence to have been connected with the burglary. The court, therefore, committed no error.

—(4)—

Appellant next complains that the direct testimony of Chief of Police, Watkins, which was to the effect that, in searching appellant's car, a concealed, unmarked bottle, containing forty or fifty quarter grain morphine tablets, was discovered, was incompetent and prejudicial, for the reason that it was not shown where the narcotics came from, and it had not been shown that they came from the Crawford Drug Store. This evidence that appellant had this morphine in his possession when arrested was permissible as bearing upon motive and intent. The evidence shows that appellant possessed the morphine in question illegally under the provisions of our "Uniform Narcotic Drug Act," Ark. Stats. (1947), §§ 82-1001—82-1023, and was subject to criminal prosecution.

Here, the evidence shows that the building in which the burglary was committed was a drug store, and the drawers of the prescription case had been ransacked. This evidence was proper, as indicated, as bearing upon

appellant's intent to commit a felony or larceny under § 41-1001.

This court in *Stone* v. *State*, 162 Ark. 154, 258 S. W. 116, used the following language, applicable here: "It is true that the general rule is that evidence of a distinct offense cannot be admitted in support of another offense; but there are several exceptions to the general rule. One of the exceptions is that, when it is necessary to fix the intent of the accused, or to prove the motive for the offense charged against him, such testimony is admissible. It is no objection to its admission that it discloses other offenses that are subject to indictment. The exceptions to the general rule as to the admission of evidence of collateral crimes, when the evidence of the extraneous crime tends to identify the accused as the perpetrator of the crime charged, or to show the intent with which the defendant committed it, is as well settled as the general rule itself."

—(5)—

Appellant next argues that the court erred in permitting State's counsel to state in the presence of the jury at the beginning of the trial that "the defense has already stated to the court, and offered to stipulate, that the burglary took place on Park Avenue."

The record reflects that appellant objected to this statement as being prejudicial and asked that the jury be admonished to disregard it. The court appears not to have ruled on appellant's objection, nor did appellant ask for a ruling. The objection was therefore waived.

In *Clardy* v. *State*, 96 Ark. 52, 131 S. W. 46, this court said: "The proper manner in which to make and preserve an objection to the introduction is, first, to make the objection at the time the testimony is offered or to ask its exclusion at the time it is given and to obtain a ruling of the court thereon, and then to except to an adverse ruling."

—(6)—

Appellant next insists that the court erred "in permitting this case to go to the jury * * * when there

was no testimony offered at the trial by the State as to who owned Crawford's Pharmacy or was interested therein other than that a robbery had been reported * * * and no proof of criminal intent or of narcotics or anything else of value taken.''

In effect, here again appellant questions the sufficiency of the evidence. It was not necessary, under the statute above, to prove the ownership of the drug store which was burglarized. It was no defense that the felony or larceny intended to be committed was not completed. The guilty purpose is the essence of the offense. This court said in *Sanders* v. *State,* 198 Ark. 880, 131 S. W. 2d 936: ''* * * 'When no property of any value is discovered by the accused after he has forcibly broken and entered the building with felonious intent, the better rule is that he is guilty of burglary, since the guilty purpose is the essence of the offense.' 4 R. C. L. 436; *Davis and Thomas* v. *State,* 117 Ark. 296, 174 S. W. 567. This court has decided in a number of cases that the offense of burglary is complete, even though the intention to commit a felony is not consummated. *Duren* v. *State,* 156 Ark. 252, 245 S. W. 823.''

—(7)—

Next, appellant says the trial court erred in making the statement to the jury presently set out.

The record discloses that while a witness, Jeanette Short Brown, (former wife of the deceased Short) was testifying as to her relationship to the deceased Short and of her coming to Hot Springs in the car with appellant to claim Short's body, the following occurred: ''Q. Did you have any conversation with Pope, coming down to Hot Springs, about this thing that happened down here? A. No, sir. Q. Did Harry say to you that he almost got caught down here at Hot Springs? MR. PURVIS: I object to that, your Honor, as a declaration against interest. THE COURT: Objection overruled. The defendant is present and has an opportunity to rebut that. MR. PURVIS: Note my exceptions.''

It will be noted that appellant's objection was predicated on the claim that the alleged statement to the witness was a declaration against interest and was not based on the ground that the trial judge's statement was a comment on appellant's failure to testify. It was the duty of appellant to call specifically to the court's attention the particular error complained of, or the reason for his objection, and this he failed to do.

In *Bell* v. *State*, 120 Ark. 530, 180 S. W. 186, we find this language, applicable here: "It was held in *Powell* v. *State*, 74 Ark. 355, 85 S. W. 781, that an objection, to be effective, must be specific so as to apprise the trial court of the particular error complained of by the objection. See, also, *Clardy* v. *State*, 96 Ark. 52, 131 S. W. 46."

—(8)—

Next it is contended that the trial court erred in giving Instruction No. 2 set out above. This contention is untenable for the reasons covered in Assignment No. 1 above.

—(9)—

Next error is alleged in the giving of the following instruction: "It is not necessary that the evidence of an accomplice be corroborated on every point on which he has testified, but if you believe from the evidence that he is corroborated, as to the commission of the crime charged and on any point tending to connect the defendant with the commission of the offense and if the evidence with this corroboration is sufficient to satisfy your mind beyond a reasonable doubt that the defendant is guilty then you would be authorized to so find," for the reason, says appellant, "that said instruction is too general in its terms and not applicable to this case for the reason that there is no testimony in the record of an accomplice to be corroborated."

We find no merit in this contention for the reason that witness, Bryant, certainly an accomplice, testified in the case, as pointed out in our consideration of Assignment No. 2, above, and it was not error to give this in-

struction, in the circumstances, based on § 43-2116. (*Powell* v. *State,* 177 Ark. 938, 9 S. W. 2d 583.)

—(10)—

Finally, appellant argues that the court erred in giving State's Instruction No. 7. The court told the jury in this instruction that if they found "that the defendant (appellant) did unlawfully enter or abet in unlawfully entering the building occupied by the Crawford Drug Store, with the intent to commit a felony," then they should convict.

Appellant's objection to this instruction was that it opened the question as to whether he broke into and entered the building for the purpose of committing a felony and that the information failed to apprise him of the specific offense with which he was charged. The information here is substantially in the language and within the meaning of the statute, § 41-1001, and clearly charged appellant with the crime of burglary. (*The Kansas City Southern Railway Co.* v. *State,* 194 Ark. 80, 106 S. W. 2d 163.)

A number of other assignments of alleged errors were properly preserved in appellant's motion for a new trial. We have examined them and find all to be untenable.

The judgment is affirmed.