GRAHAM *v.* STATE.

4775                                            271 S. W. 2d 614

Opinion delivered October 11, 1954.

*Talbot Field, Jr.,* and *W. S. Atkins,* for appellant.

*Tom Gentry,* Attorney General, *Thorp Thomas,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. Information charged Charlie Graham with having feloniously shot L. C. Smith with the intention of killing him. He has appealed from a six-year penitentiary sentence.

The evidence is circumstantial. Smith had lived in Hope four or five years. An inference runs through some of the testimony that he had "turned Graham in" on a whiskey charge. But Smith denied at trial that he knew who shot him; nor did he remember having told officers that immediately before the shot was fired he was hailed by Graham and that the latter mentioned a

whiskey transaction. The extent of recollection was that while he was using the walkway on South Hazel street the night of December 28, after dark, an unidentified person called "hey". As he turned a shot was fired. The bullet came out at a point indicated in the back of the neck. The injured man fell, but later walked or crawled to a house occupied by Ivy Pennington, where he was found and taken to a hospital.

For reversal the defendant insists that the State impeached Smith's testimony and also put in issue the defendant's reputation or character when he had not testified; that the charge was not brought by the prosecuting attorney of the district, and that error was committed when the defendant's motion for a bill of particulars was overruled.

1. The information was filed by Prosecuting Attorney G. W. Lookadoo, through Royce Weisenburger, deputy. The defendant entered his plea of not guilty without questioning the deputy's right to act. The rule mentioned in State v. Eason and Fletcher is applicable. See 200 Ark. 1112, 143 S. W. 2d 22; Wallin v. State, 210 Ark. 616, 197 S. W. 2d 26.

2. Trial was had January 20, 1954. On that date the defendant filed his motion for permission to inspect two pistols and a cartridge shell. Judie Walker (who had taught for three years in Howard Training School) testified that she found a shell near the scene of the shooting and turned it over to officers. It was of nine millimeter calibre. Allen Shipp, assistant chief of police at Hope, testified that a p-.38 weapon fires a cartridge of that type—an automatic or Luger-type weapon.

When officers went to Graham's home to make inquiry the accused denied owning or having a pistol. A search resulted in discovery of two: one of .22 calibre, the other of a make accommodating shells of the kind found. Cartridges in the pistol "clip" were turned over to Allen Templeton, a captain on the state police force in charge of identification and laboratory work. He fired

test shots and was certain the shell picked up by Judie Walker came from the pistol found in Graham's home.

The record does not show that the petition for discovery was presented to the court. Since the filing date corresponds with the date of trial the weapon and shells were then in court and no prejudice is shown.

The contention that appellant's reputation was put in issue and that testimony regarding other crimes was admitted is predicated upon these circumstances: Jimmy Cook, without objection, said that he was in municipal court during December, 1953, "when L. C. Smith testified against Charley Graham in a criminal case". Travis Ward, a member of the state police force, had testified that on December 2d or 3d, 1953, he saw Smith at Graham's home. When Ward was asked "what was occurring?—what caused them to be together?" counsel objected on the ground that effect of the answer would be to put the defendant's reputation in issue before he has testified. The objection was overruled and Ward continued: "I carried him out there to buy some whiskey, and he did get [it]". The next question was: "What did you take him back there for?" Answer: "To ask him if *that* was the subject he got it from, and he said that it was".

The court then said to the jury: "The testimony this witness has just given may be considered by you for one purpose, and for one purpose only: that is, to determine whether ill feelings existed between the defendant and prosecuting witness . . . before the shooting took place [December 28th]. This is the only purpose for which you may consider that testimony, and it is for you to say— and not the court—whether it is of value in arriving at the answer to the question whether there was ill feeling between the parties."

The evidence was competent for the purpose, as circumscribed by the court. There was no objection that the admonition was not sufficient, hence we must assume that appellant's position is that because of the nature of the evidence it was inadmissible for any purpose. In

other words, it was inherently prejudicial and nothing the judge might say could cure the vice.

Our cases do not sustain this view. That other acts constitute indictable offenses does not place them in a category where evidence regarding them must be rejected when the purpose is to prove motive or intent. *Stone* v. *State,* 162 Ark. 154, 258 S. W. 116; *Monk* v. *State,* 130 Ark. 358, 197 S. W. 580; *Pope* v. *State,* 216 Ark. 314, 225 S. W. 2d 8.

Affirmed.