George JOHNSON Jr. *v.* STATE of Arkansas

5701                                           479 S.W. 2d 872

Opinion delivered May 8, 1972

*Sloan, Ragsdale & Dishongh,* for appellant.

*Ray Thornton,* Atty. Gen., by: *Henry Ginger,* Deputy Atty. Gen., for appellee.

LYLE BROWN, Justice. In a consolidated trial appellant was convicted of burglary and assault with intent to kill. He appeals on the grounds that the verdicts were contrary to the law and the evidence.

First, we shall succinctly state the evidence in the light most favorable to the State. At about 10:30 o'clock on the night of May 22, 1970, William A. Cisco closed the grocery store where he worked and, together with his wife and daughter, proceeded to drive to their home on East Roosevelt Road in Little Rock. The daughter entered the house first to unlock the doors. As Mr. Cisco entered the house he heard an alarming noise. He ran through the house and when he got to the back room, a den, he was confronted by an armed Negro male who was holding Cisco's daughter in front of him. The Negro shouted "get back you white s.o.b. or I'll kill you." When the daughter cried out for help the father entered the den and the appellant and Cisco began exchanging shots. Both appellant and Mr. Cisco were hit by bullets. When appellant had apparently emptied his gun he ran out the back door with Cisco in pursuit. Appellant was not then apprehended. He shortly entered a local hospital under an assumed name. He had been shot twice.

The Cisco home was found to be in disarray. Entrance was gained by removing a back screen and breaking a window. (Appellant sustained a cut between his thumb and index finger.) A "piggie bank" had been broken and some coins were found on the floor. At the hospital it was found that appellant was in possession of a large quantity of coins.

Both Mr. Cisco and his wife made positive identifi-

cation of appellant. They said they did not see any other stranger in the house.

First, appellant contends that the State failed to prove a specific intent to kill Mr. Cisco. We disagree. The conditions under which intent may be implied from facts and circumstances are well set out in *Lewis* v. *State,* 209 Ark. 51, 189 S.W. 2d 641 (1945):

> While the intent to kill cannot be implied as a matter of law, it may be inferred from facts and circumstances of the assault, such as the use of a deadly weapon in a manner indicating an intention to kill, or an act of violence which ordinarily would be calculated to produce death, or great bodily harm. In determining whether or not the intent to kill should be inferred, the trier of the facts may properly consider the character of the weapon employed and the way it was used, the manner of the assault and the violence attendant thereon; the nature, extent and location on the body of the wound inflicted, if any; the state of feeling existing between the parties at and anterior to the difficulty; statements of the defendant, if any; and all other facts and circumstances tending to reveal defendant's state of mind.

When the recited statement of law is put alongside the facts in the case at bar it is not at all difficult to conclude that there was substantial evidence from which the jury could reasonably infer intent.

Likewise, there is ample evidence from which the jury could rightfully infer that appellant entered the house with the intent to commit larceny (which was necessary to establish burglary). *Sanders* v. *State,* 198 Ark. 880, 131 S.W. 2d 936 (1939); *Scates and Blaylock* v. *State,* 244 Ark. 333, 424 S.W. 2d 876 (1968). In the case at bar, entry was gained through a broken window, the house had been ransacked, appellant admitted he was in a house known not to be his own, and a large quantity of coins was found on his person.

We have not overlooked the evidence tendered by appellant. He testified that he was picked up by a friend at a time when appellant was under the influence of narcotics; that when he entered the Cisco home by way of the door, he thought he was entering the friend's home by invitation; and that the friend did the shooting. In his behalf it was also shown that the FBI was unable to lift appellant's fingerprints from the gun used by the assailant of Cisco. We are unable to say that appellant's evidence was sufficient to pierce the veil of substantial evidence established by the State.

Affirmed.